## COMMONWEALTH *vs.* WILLIAM CAREL.

An indictment sufficiently charges the substantive facts that constitute perjury, which avers that the defendant, having offered himself as bail, was required by the bail commissioner to make, and did make, " a written statement of his circumstances and property," the same being material to aid the commissioner in determining whether to accept him, and, "being then and there duly sworn, did then and there falsely, knowingly and corruptly depose and swear in and by said written statement as follows:" here setting forth the words of a statement purporting to be in the name of the defendant, but not signed by

him, that he was the owner of certain property: "whereas in truth and in fact" he "was not then and there the owner" of said property, as he "then and there well knew." And it is not a variance if the original of the statement, offered in proof on the trial, bears his signature; nor is it material whether he had other property, or whether he was accepted as bail.

INDICTMENT for perjury, averring that at Boston in the county of Suffolk, on March 29, 1869, Mary Ross was brought before the municipal court of the city of Boston on a complaint for larceny, and ordered to recognize with sufficient sureties for her appearance to answer thereto, and failing so to recognize was committed to jail; that afterwards, on the same day, " at Boston aforesaid, before John G. Locke, Esquire, the said Locke being then and there a commissioner within and for the said county of Suffolk, legally authorized and duly qualified to take bail in criminal cases in said county," this defendant, William Carel, " offered himself as bail and surety for the aforesaid Mary Ross; that the said Carel was then and there lawfully required by said commissioner, pursuant to the course and practice of taking and approving bail, to make a written statement of his, said Carel's, circumstances and property, the same being material to aid said commissioner in determining whether he would and should take and approve said Carel as such bail and surety; and that said Carel did then and there, in pursuance of said requirement, make said written statement, and being then and there duly sworn did then and there falsely, knowingly and corruptly depose and swear in and by said written statement as follows, that is to say : ' I, William Carel, of Boston in the county of Suffolk and Commonwealth of Massachusetts, swear and say, that I (meaning said Carel) am the owner of two dwelling-houses and land in Medford in the county of Middlesex and Commonwealth aforesaid, and they (meaning said dwelling-houses and land) are worth not less than ten thousand dollars, and I (meaning said Carel) am also the owner of two dwelling-houses and the land in Charlestown, in said county of Middlesex;' whereas in truth and in fact the said William Carel was not then and there the owner of any house or houses in said Medford, and was not then and there the owner of any house or houses, or of any land, in Charlestown aforesaid, as

the said Carel, at the said time he so deposed and swore as afore-said, then and there well knew," whereby he did wilfully and knowingly commit wicked and wilful perjury.

In the superior court, before the jury were empanelled, the defendant filed a motion to quash the indictment for the following reasons :

" 1. For that no offence is charged in the indictment against the defendant.

" 2. That the indictment alleges that the defendant made a written statement, and there is no allegation that he made oath, knowing the same to be false, to any fact or facts. It is a mere allegation that the defendant made a written statement, but not that he made oath to it.

" 3. That the written statement set forth in the indictment is not alleged to have been sworn to ; and the only allegation is, that he made a written statement as required by law, (when in fact no law requires such written statement,) and that in and by such written statement he swore falsely ; but neither alleges that he swore falsely orally, nor that he swore to the written statement.

" 4. That the writing set forth in the indictment does not appear to be signed or sworn to by the defendant.

" 5. That the indictment is argumentative and uncertain.

" 6. That there is no allegation that the defendant was accepted as bail, or that he did recognize before said Locke.

" 7. That there is no allegation that the defendant had not sufficient property other than the property named ; and the particular property is immaterial."

This motion *Reed*, J., overruled. On the trial, the Commonwealth offered in evidence, from the record in the case of Mary Ross, a writing in like terms with that set forth in the indictment ; but signed by the defendant, and bearing Locke's certificate, as commissioner, that it was sworn to before him on March 29, 1869. It was conceded by the defendant that Locke was on that day a duly appointed and qualified bail commissioner ; and it was proved that the defendant " signed and swore to said statement." But the defendant objected to the admission of the writ-

ing, for the alleged reasons, " 1. that it was at variance with the indictment ; 2. that the indictment does not allege the same to have been sworn to by the defendant ; and 3. that the statement is not one taken in due course of legal proceedings, and the commissioner had no right to require it." This objection was over-ruled, and the writing admitted. The defendant was found guilty, and alleged exceptions.

*S. H. Richardson,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

AMES, J. An indictment for perjury should show that in a judicial proceeding, before a court having jurisdiction, or a person having authority to administer the oath, the party accused wilfully made oath to a statement of a material fact, and that such statement was false. This indictment sufficiently shows that the oath was administered in a judicial proceeding, and that the magistrate before whom the proceeding took place was a person duly authorized to administer the oath. *Commonwealth* v. *Hughes,* 5 Allen, 499. Gen. Sts. *c.* 170, § 36. The fact sworn to was material, as the sufficiency of the proposed bail was the subject matter of the inquiry. The indictment then charges that the defendant was lawfully required by the magistrate to make, and did in fact make, a written statement of his circumstances and property, and that, " being then and there duly sworn, he did then and there falsely, knowingly and corruptly depose and swear in and by said written statement " in the terms set forth. To swear in and by a written statement can only mean to make a written statement under oath. It is well charged in the indictment that the oath so made was false, wilful and corrupt ; and its falsity is then set out by proper averments. It is difficult to see how the charge of making a false oath could be made with greater distinctness. It is not averred that the defendant signed his name to the paper, but the signature is no part of the statement. Its only object is to authenticate it as his declaration. If he made oath to it, he authenticated it effectually, and the want of signature would be immaterial. He is indicted not for signing a false paper, but for falsely swearing to the truth of matters set forth in a written paper. The objections, urged in the motion to quash, do not appear to us to be well taken. St. 1860, *c.* 186, § 1.

If the alleged perjury may be considered well charged and proved, it is wholly immaterial whether the defendant had other property, and also whether he was accepted as bail or not. The perjury is complete when the oath is taken, whether the criminal effects his purpose or not. Rosc. Crim. Ev. (6th Am. ed.) 759.

*Exceptions overruled.*