## UNITED STATES v. HARTMAN.

(District Court, E. D. Missouri, E. D. November 8, 1894.)

### No. 3,847.

CRIMINAL LAW—SECTION 5421, REV. ST. U. S.—ELEMENTS OF THE OFFENSE.

The offense defined in the first clause of section 5421, Rev. St., relating to falsely making, altering, forging, or counterfeiting any deed, * * * certificate, * * * or other writing, for the purpose of obtaining * * * from the government any sum or sums of money, includes not only the technical execution of such an instrument, but the making of an affidavit or certificate which is genuine itself, but contains false statements.

This was an indictment against A. K. Hartman for a violation of section 5421, Rev. St. U. S. Defendant demurs to the indictment.

Wm. H. Clopton, Dist. Atty., for the United States.
Wm. H. Kinsey, for defendant.

PRIEST, District Judge. There are two counts to the indictment in this cause, each of which is challenged by a demurrer. In the first

the defendant is charged with falsely making, or procuring to be falsely made, and aiding and assisting in the false making of, a certain certificate and writing for the purpose of enabling one Ella Sweeney to obtain and receive from the United States, under the pension laws, the sum of $10. The certificate of the notary appended to the declaration for a widow's pension recites, not only that Ella Sweeney had personally appeared before the notary, and sworn to the declaration set forth in the indictment, but that two attesting witnesses, Annie Osburg and Peter Roscoe, also personally appeared before the notary at the same time, and swore to the statements attributed to them respectively; whereas, in truth, neither of said persons in fact personally appeared before the notary; nor were they sworn by the said notary. The indictment is framed under section 5421, Rev. St. U. S. A careful reading of this section will disclose that three offenses of different character are enumerated, the first of which relates to falsely making, altering, forging, or counterfeiting any deed, power of attorney, order, certificate, receipt, or other writing, for the purpose of obtaining or receiving, or enabling any other person or persons to obtain or receive, from the government, any sum or sums of money; the second, to uttering or publishing as true, with intent to defraud the United States, knowing the same to be false, such an instrument as described in the first paragraph; and third, to the transmission or presentation at any office or to any officer of the government of the United States such an instrument, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited. Both counts of this indictment are framed under the first paragraph.

At the argument of this demurrer, my impression was that the offense defined consist in the technical execution of an instrument of the class defined in the statute, and not to the falsity of the statement of fact contained in such instrument. During the course of the opinion in the case of U. S. v. Staats, 8 How. 41, and rather in line of argument than tending to construe this paragraph of the section, the supreme court threw out an intimation, if not expressly deciding it, in confirmation of this thought. Upon more mature reflection, I am persuaded that this paragraph of the statute should have a wider scope. Indeed, I cannot conceive how any significance can be given to the words "falsely make" unless they shall be construed to mean the statements in a certificate which in fact are untrue. "Falsely" means in opposition to the truth. "Falsely makes" means to state in a certificate that which is not true, and, if this be done with the intent and knowledge which the statute condemns, it falls within the punishment; and this view, if it needs confirmation, is emphasized by section 5479 of the statute, which relates to forgeries only, and not to making an affidavit which is genuine itself, but containing untrue and false statements. The demurrer will therefore be overruled.