### UNITED STATES v. GLASENER.

#### (District Court, S. D. California. May 10, 1897.)

#### No. 953.

**1.** FORGERY—NOTARY PUBLIC—FALSE JURAT TO AFFIDAVIT.

The making by a notary public of a jurat or certificate, containing false statements, to an affidavit in support of a pension claim, does not constitute an offense under Rev. St. § 5421, providing for the punishment of "every person who falsely makes, alters, forges or counterfeits * * * any deed, power of attorney, order, certificate, receipt or other writing for the purpose of obtaining or receiving, or enabling any other person, directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money * * *"; the offense defined by said section being the false making or forgery of the writings enumerated.

**2.** CRIMINAL LAW—FALSE AFFIDAVIT FOR PENSION—WHAT CONSTITUTES AFFIDAVIT.

An affidavit, within the meaning of Rev. St. § 4746, which provides for the punishment of "every person who knowingly or wilfully in any wise pro-

cures the making or presentation of any false or fraudulent affidavit concerning a claim for pension, * * *" includes only the statements or declarations which purport to have been made under oath, and subscribed by the affiant; and the fact that the jurat of the notary attached contains false statements does not render it a "false affidavit."

George J. Denis, U. S. Atty.

M. W. Conkling, for defendant.

WELLBORN, District Judge. The indictment contains two counts. The first count alleges that the defendant, as a notary public, falsely made a certain jurat and certificate to a certain affidavit, to the effect that the affiant, one Henry Brechtel, had sworn and subscribed said affidavit before him, the defendant, as such notary public, and that he had read said affidavit to said Brechtel, and made him acquainted with the contents thereof, before its execution, and that said jurat and certificate were false, in this: that the said Brechtel never did personally appear before the defendant, and swear or subscribe to said pretended affidavit, and that defendant never did read said pretended affidavit to said Brechtel, or make him acquainted with the contents thereof, and that said affidavit or writing was made in support of a certain claim of one Francis Geis, for a pension, then pending before the commissioner of pensions.

Said count is framed under section 5421 of the Revised Statutes of the United States, which, so far as is material here, provides that:

"Every person who falsely makes, alters, forges or counterfeits, or causes or procures to be falsely made, altered, forged or counterfeited, * * * any deed, power of attorney, order, certificate, receipt, or other writing, for the purpose of obtaining or receiving, or enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money, * * *" shall be punished as prescribed in the section.

The cases, so far as my investigation extends, with one exception,— U. S. v. Hartman, 65 Fed. 490,—uniformly hold that the first part (which I have quoted) of section 5421 refers only to the false making—that is, forgery—of the writings therein enumerated. The cases so holding are numerously cited in U. S. v. Moore, 60 Fed. 738, which is the latest decision in line with the general current of authorities. To what is there said I may add that in California the forgery statute (section 470, Pen. Code) uses, in defining the offense, precisely the same words as those employed in section 5421, Rev. St. U. S., namely, that "every person who * * * falsely makes, alters, forges or counterfeits," etc.; while the making of an official certificate containing statements known to be untrue is made a distinct offense by section 167 of said Penal Code, which is as follows: "Every public officer authorized by law to make or give any certificate or other writing, who makes and delivers as true any such certificate or writing containing statements which he knows to be false, is guilty of a misdemeanor." Counsel for defendant states, in his brief, that the same is true in Wisconsin, Iowa, Alabama, Illinois, Mississippi, Missouri, and Texas. While I have not had an opportunity, by personal examination, to verify this statement, I am satisfied it is correct.

In the case at bar, forgery is not predicated of the notarial certifi-

cate made by the defendant, but it is simply charged that said certificate contains false statements. The making of such a certificate is not, in my opinion, within the provisions of said section 5421.

The second count alleges that the defendant knowingly and willfully procured the presentation to the United States commissioner of pensions of a certain false, forged, and counterfeited affidavit, in support of and concerning a claim of one Francis Geis for a pension from the United States. The affidavit and its alleged falsity, which are set forth in full in said count, are the same as described in the first count. The second count is drawn under section 4746 of the Revised Statutes of the United States, which provides, among other things, that "every person who knowingly or wilfully in any wise procures the making or presentation of any false or fraudulent affidavit concerning a claim for pension, or payment thereof, or pertaining to any other matter within the jurisdiction of the commissioner of pensions, * * * shall be punished" as prescribed in the section. It will be observed that the words employed in this section to designate the instrument denounced are very different from those used, for the same purpose, in section 5421, which, as I have hereinbefore held, applies only to forged instruments, the phraseology of the latter section being; "Every person who falsely makes, alters, forges, counterfeits," etc. Of this latter statute it was said, in U. S. v. Moore, supra, "It punishes one who falsely makes an affidavit, and not one who makes a false affidavit." Pursuing the same line of thought, the court, in U. S. v. Cameron (Dak.) 13 N. W. 565, say:

"To falsely make an affidavit is one thing; to make a false affidavit is another. A person may falsely make an affidavit every sentence of which may be true in fact; or he may actually make an affidavit every sentence of which shall be false. It is the false making which the statute makes an offense, and this is forgery, as described in all the elementary books."

Section 4746 refers, not to the falsely making of an affidavit, but to the making of a false affidavit, and would seem, therefore, to punish subornation of perjury, or the presentation of an affidavit in which perjury was committed. See U. S. v. Kuentsler, 74 Fed. 220. "Affidavit" is defined by Webster to be "a sworn statement in writing." Technically considered, the word is, doubtless, broad enough to include the jurat or certificate of the officer before whom the oath is taken. In common acceptation, however, as indicated by the above definition, it has a more restricted meaning, and refers to those statements sworn to and subscribed by the affiant, but does not include the notarial certificate. In the case at bar, the certificate made by the defendant, as a notary public, furnishes a fair illustration of what is ordinarily meant by "an affidavit," and is as follows: "Sworn to and subscribed before me this day, by the above-named affiants; and I certify that I read said affidavit to said affiant," etc. Here "affidavit" manifestly refers to the declarations or statements which purport to have been made under oath, and subscribed by the affiant. Such, I think, is the meaning of the word in said section 4746. I am confirmed in this opinion by an examination of the statute in which were originally enacted the provisions of said section. This was the act of congress, entitled "An act to revise, consolidate, and amend the laws

relating to pensions," approved March 3, 1873 (17 Stat. 567). Said section 4746 is section 33 of said act of congress. The preceding section (32) of said act provides, among other things, that the attorney of pensioner, before receiving the pension money, shall take and subscribe an oath that he has no interest in said money, and does not believe that the pensioner has disposed of the same to any other person, and that any person who shall falsely take said oath shall be guilty of perjury. Then follow, in section 33, the provisions of section 4746, Rev. St., denouncing it as a crime to procure the making or presentation of any false affidavit. In other words, section 32 is a perjury statute, and punishes the person who makes the false affidavit described, while section 33 punishes the suborner who procures the false affidavit to be made or presented.

Another objection urged to the second count, is its failure to allege that said affidavit was presented in support of a claim then pending. This objection also seems to be well taken. U. S. v. Kessel, 62 Fed. 59. Demurrer sustained.