Territory v. Gutierrez.

[No. 1096, January 16, 1906.]

# TERRITORY OF NEW MEXICO, Appellant, v. IGNA-CIO GUTIERREZ, Appellee.

### SYLLABUS.

Sec. 1168, Compiled Laws of 1897, which provides that "every person who shall falsely make, alter, forge, or counterfeit any public record, or any certificate, return or attestation, which may be received as legal proof, or any charter, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, or any order, acquittance or discharge for money or other property, or any acceptance of a bill of exchange, or promissory note, or any accountable receipt for moneys, goods or other property with intent to injure or defraud any person, shall be punished by imprisonment in the penitentiary, etc.," is a forgery statute and has no application to a genuine certificate, although the statements made therein are untrue."

Appeal from the district court of Bernalillo county, before IRA A. ABBOTT, Associate Justice. Affirmed.

G. W. PRICHARD and F. W. CLANCY, for appellant.

The defendant was charged with having, as a notary public, made a certificate, knowingly, which contained false statements. Such offense is within the meaning of the statute.

U. S. v. Moore, 60 Fed. Rep. 739; U. S. v. Cameron, 3 Dak. 141; U. S. v. Staats, 8 How. 46; U. S. v. Hartman, 65 Fed. Rep. 491.

SUMMERS BURKHART, for appellees.

The indictment charged no offense against the laws of the territory.

Compiled Laws of New Mexico, 1897, Sec. 1168, 1169, 1176; Hawkins Chap. 70, Sec. 1; 3 Chitty, p. 1022; 2 Wharton, Sec. 1418; Roscoe Crim. Ev. 487; U. S. v. Wentworth, 11 Fed. 52; 2 East, P. C. 852, 853; 1 Bish. Cr. Law, Sec. 423; Whar. Crim. Law, Sec. 653.

The writing or instrument must in itself be false, not

Territory v. Gutierrez.

genuine, a counterfeit, and not the true instrument which
it purports to be.

State v. Young, 46 N. H. 266.

The making of a genuine instrument which contains
false statements is not an offense under the terms of the
statute which punishes the false making of an instru-
ment.

> U. S. v. Staats, 8 How. 41; U. S. v. Moore
> et al., 60 Fed. 738; U. S. v. Gleasner, 81 Fed.
> 566; U. S. v. Howell, 11 Wall. 195; U. S. v.
> Wentworth, 11 Fed. 52; U. S. v. Reese, 4
> Sawy., 629; U. S. v. Barney, 5 Blatch., 249;
> U. S. v. Cameron, 3 Dak. 141; State v. Young,
> 46 N. H. 266; State v. Wilson, 28 Minn. 9;
> Mann v. People, 15 Hun. 155; Com. v. Bald-
> win, 11 Gray, Mass. 197.

## OPINION OF THE COURT.

MANN, J.—At the March, 1904, term of the dis-
trict court of Bernalillo county, Ignacio Gutierrez was
indicted by the grand jury of said county, the indictment
charging "that Ignacio Gutierrez, late of the county
aforesaid, on the seventh day of April, A. D., 1903, at the
county aforesaid, in the Territory of New Mexico, did un-
lawfully, feloniously and falsely make, with intent to in-
jure, and defraud, a certain certificate of a notary public
in relation to the acknowledgment by Jesus Maria Sando-
val and his wife, Teodora Armijo de Sandoval, of the exe-
cution of a deed from said last mentioned persons to one
Alfredo M. Sandoval, conveying to said Alfredo M. San-
doval a certain tract or portion of land situated in the
town of Corrales, Precinct No. Two of the county of Ber-
nalillo; measuring in width from north to south one hun-
dred and eleven and one half varas, the boundaries of
said land being on the north with lands of Alejandro San-
doval and on the south with lands of Alejandro Sandoval,
and on the east the Rio Grande del Norte, and on the west
the Seja of the Rio Puerco or the limits of the grant of
San Carlos de Alameda, said certificate then and there
being in relation to a matter wherein such certificate might
be received as legal proof, which said certificate was print-

ed and written in the Spanish language, and is as follows, that is to say:

Territorio de Nuevo Mexico,
    Condado de Bernalillo.

Personalmente comparecieron ante mi los arriba firmados Jesus Ma. Sandoval y su esposa Teodora Armijo de Sandoval, a quien conosco personalmente de ser las mismas personas cuyos nombres estan suscritos al antecedente traspaso como parte del mismo y cada uno de ellos de por si declara que el mismo, era su acto y hecho, y que voluntariamente firman, sellan y ejecutan el mismo para los usus y fines en el mismo mencionados; y la dicha Teodora Armijo de Sandoval haviendo sido por mi examinada y separada aparte de su dicho marido y habiendole explicado el contenido del antecedente traspaso, siendo primermente por mi leido y explicado a ella, de por si reconocio, que havia firmado, sellado y ejecutado el mismo como su propio acto y hecho libre y voluntariamente y sin compulsion o influjo ilicito de su dicho marido.

En testimonio de lo cual, he puesto mi firma oficial, hoy dia 4 de Agosto de 1900.

                                    IGNACIO GUTIERREZ
Notarial Seal                       Notario Publico.

Of which said certificate the following is a translation into the English language, that is to say:

Territory of New Mexico,
    County of Bernalillo.

Personally appeared before me the above signed Jesus Ma. Sandoval and his wife Teodora Armijo de Sandoval, whom I personally know to be the same persons whose names are subscribed to the foregoing conveyance as party to the same and each one of them for himself declares that the same was his act and deed, and that they voluntarily sign, seal and execute the same for the uses and purposes therein mentioned. The said Teodora Armijo de Sandoval having been by me examined and separated apart from her said husband and having explained to her the contents of the foregoing conveyance, being first by me read and explained to her, for herself acknowledged that she had signed, sealed and executed the same as her own act

and deed freely and voluntarily and without compulsion or illicit influence of her said husband.

In witness whereof, I have set my official signature, this 4th day of August, 1900.

IGNACIO GUTIERREZ,

Notarial Seal                              Notary Public.

which said certificate, as the said Ignacio Gutierrez then and there well knew was false, in this that it was not made on the 4th day of August, 1900, and that the name of Jesus Maria Sandoval and his wife, Teodora Armijo de Sandoval, had not been subscribed to the said conveyance at or before the said 4th day of August, 1900, and that the said Jesus Maria Sandoval and his wife, Teodora Armijo de Sandoval did not appear before the said Ignacio Gutierrez and make any declaration or acknowledgment concerning said deed of conveyance, as stated in said certificate, at or before said 4th day of August, 1900, all of which the said Ignacio Gutierrez, on said 7th day of April, 1903, at the county aforesaid, well knew.  Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of New Mexico."

To this indictment counsel for Gutierrez demurred on the ground, among others, that the indictment charges no public offense against the laws of the Territory of New Mexico.  This demurrer was sustained by Mr. Justice Abbott, as judge of said court, and the district attorney appeals under Sec. 3411 C. L. of New Mexico.

It is conceded by all parties that the indictment is drawn under Sec. 1168 C. L., which reads as follows. "Every person who shall falsely make, alter, forge or counterfeit any public record, or any certificate, return or attestation of any clerk of a court, register, notary public, justice of the peace, or any other public officer, in relation to any matter wherein such certificate, return or attestation may be received as legal proof, or any charter, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, or any order, acquittance or discharge for money or other property, or any acceptance of a bill of exchange, indorsement, or assignment of a bill of exchange, or promissory note, or any accountable re-

ceipt for moneys, goods or other property, with intent to injure or defraud any person, shall be punished by imprisonment in the territorial prison or county jail, not more than five years, nor less than one year."

The question presented then is whether a notary public who makes a certificate of acknowledgment of a deed or other instrument required by law to be acknowledged, the contents of which are untrue, is guilty of falsely making a certificate which may be received as legal proof, under the statute.

It will readily appear that there is a distinction between falsely making a certificate of acknowledgment and making a false certificate. The former term contemplates a certificate which is not genuine, while the latter imports a genuine certificate the contents or allegations of which are false. In the case of United States v. Glasner, 8 Fed. 566, which is directly in point with the case at bar, the indictment charged that the defendant Glasner as a notary public falsely made a certain jurat and certificate to a certain affidavit to the effect that one Henry Brechtel, had sworn and subscribed said affidavit before him, the defendant, as such notary public, and that he had read said affidavit to said Brechtel and made him acquainted with the contents thereto, before its execution, and that said jurat and certificate were false, in this: That the said Brechtel never did personally appear before the defendant, and swear or subscribe to said pretended affidavit, and that defendant never did read said pretended affidavit to said Brechtel, or make him acquainted with the contents thereof, etc.

The indictment was framed under Sec. 5421, R. S. U. S., which so far as material here, provides that "every person who falsely makes, alters, forges or counterfeits, or causes or procures to be falsely made, altered, forged or counterfeited * * * any deed, power of attorney, order, certificate, receipt or other writing, for the purpose of obtaining or receiving, or enabling any other person, either directly or indirectly, to obtain or receive money from the United States, or any of their officers or agents, any sum of money * * * shall be punished as prescribed in the section.

The court says "The cases, so far as my investigation extends, with one exception, U. S. v. Hartman, 65 Fed. 490—uniformly hold that the first part (which I have quoted) of Sec. 5421 refers only to the false making that is, forgery—of the writings therein enumerated," and again at page 567 supra. ."In the case at bar, forgery is not predicated of the notarial certificate made by the defendant, but it is simply charged that said certificate contains false statements. The making of· such certificate is not in my opinion, within the provisions of Sec. 5421.

In U. S. v. Moore, 60 Fed. 739, where the identical question is passed upon, a demurrer to an indictment under the first paragraph of Sec. 5421, quoted above, the court says: "The authorities are unanimous in holding that the first paragraph of Section 5421 is a forgery and not a perjury statute. It punishes. one who falsely makes an affidavit and not one who makes a false affidavit. The words of the statute are ejusdem generis and are the words usually adopted to describe the crime of forgery." False making "may almost be said to be synonymous with forging." Citing, U. S. v. Staats, 8 How. 41; U. S. v. Barney, 5 Blatchf. 294; Fed. Cas. No 14,524; U S. v Wentworth, 11 Fed, 52; U. S. v. Reese, 4 Sawy. 629; Fed. Cas. No. 16 138; U. S. v. Cameron, 3 Dak. 141, 12 N. W. 561; State v. Wilson, 28, Minn 52; 9 N. W. 28; Mann v. People, 15 Hun. 155; State v. Young, 46 N. H. 266; Com. v. Baldsin, 11 Gray, 197; Bard. Cr. Law, 97; Whart. Cr. Law, Sec. 653.

We have examined the authorities cited and find that in each of the several statutes discussed, while differing in some particulars all contain the clause as to false making, and that in every case the courts held that forgery was intended and not the *certification* of false statements, by the term false making as used in the statutes or as such term was known to be the common law.

We are of the opinion that the learned trial judge was right in sustaining the demurrer to the indictment and his action is affirmed.

William J. Mills, C. J., Wm. H. Pope, A. J., John R. McFie, A. J., Frank W. Parker, A. J., concur.

Abbott, A. J., having tried the cause below, did not participate.