## UNITED STATES v. CRANDOL.

(District Court, E. D. Virginia. June 9, 1916.)

PERJURY �kö=5—OFFENSES—NATURE OF OFFENSE.

Penal Code (Act March 4, 1909, c. 321) § 125, 35 Stat. 1111 (Comp. St. 1913, § 10295), declares that whoever, having taken an oath in any case in which a law of the United States authorizes an oath to be administered, that he will testify truly, who shall willfully and contrary to such oath state or subscribe any matter which he believes untrue, shall be guilty of perjury. The Civil Service Act (Act March 3, 1871, c. 114, 16 Stat. 495) authorizes the President, with the aid of the Civil Service Commission, to prescribe such regulations for the admission of persons into the civil service as will best promote the efficiency thereof, while Act Aug. 23, 1912, c. 350, § 1, 37 Stat. 372 (Comp. St. 1913, § 3273), authorizes members of the civil service and its duly authorized representatives to administer oaths to witnesses in any matter depending before the commission. An applicant for a position in the civil service made false statements in an application under oath before the recorder. *Held* that, as the civil service commission was entitled to make inquiries concerning the applicant's qualifications, such false testimony constituted perjury; the right to administer oaths, in matters depending before the commission not being limited to witnesses at formal hearings.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 4–6, 35; Dec. Dig. ⊙=5.]

---

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Carl Crandol was indicted for perjury. On demurrer to indictment. Demurrer overruled.

Richard H. Mann, U. S. Atty., of Petersburg, Va., and Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va.

Bowden & Heard, of Norfolk, Va., for defendant.

WOODS, Circuit Judge. The defendant Edward Crandol, alias Carl Crandol, demurs to an indictment charging him in the first count with a violation of section 125 of the Penal Code, in that he falsely stated in an application required by the Civil Service Commission of the United States "that he had never been indicted for or convicted of any crime or misdemeanor, or arrested upon any charge," and in the second count charging him with a violation of the same section in that he falsely stated in his application "that he had never been in the military or naval service of the United States." The oath is alleged to have been taken before F. M. Brewer, recorder.

The demurrer to the indictment must be overruled for these reasons: The statute authorizes the President of the United States, with the aid of the Civil Service Commission "to prescribe such regulations for the admission of persons into the civil service of the United States as may best promote the efficiency thereof, and ascertain the fitness of each candidate in respect to age, health, character, knowledge, and ability for the branch of service in which he seeks to enter." Comp. St. 1913, § 3213. The regulations thus authorized may embrace the requirement that an applicant shall answer under oath questions bearing on his fitness in the respects mentioned in the statute. The questions propounded in the application in this case were authorized by the regulations prescribed by the President in accordance with law. The act approved August 23, 1912, provides:

"Members of the Civil Service Commission and its duly authorized representatives are hereafter authorized to administer oaths to witnesses in any matter depending before the Civil Service Commission." 37 Stat. 372.

To hold, as is contended, that the words "any matter depending before the Civil Service Commission" are restricted in meaning to matters involving formal hearings, would be to limit unduly the meaning of the words and distort their natural sense. When one becomes an applicant for a position in the civil service of the United States, his application is a matter depending before the Civil Service Commission.

The position taken that "witnesses" means in the statute those testifying in a judicial or other formal inquiry is also unsound. The word "witnesses" is used in its ordinary sense, and includes all persons whose declarations under oath are received for any legal purpose, and embraces deponents in affidavits. The recorder is a representative of the Civil Service Commission, duly authorized by it to administer oaths of witnesses, and is therefore a person authorized by the laws of the United States to administer oaths.

A number of authorities have been cited by counsel on both sides more or less pertinent to the questions involved, but the latest and highest authority I think clearly supports the conclusion reached.

United States v. Smull, 236 U. S. 405, 35 Sup. Ct. 349, 59 L. Ed. 641. In a well-considered opinion, the Court of Appeals of the District of Columbia has reached the same conclusion. Johnson v. United States, 26 App. D. C. 128.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes