## UNITED STATES ex rel. STARR v. MULLIGAN, United States Marshal, et al.
### No. 422.

Circuit Court of Appeals, Second Circuit.
June 6, 1932.

John Wattawa, of Washington, D. C., and Isidore Davis, of New York City, for appellant.

George Z. Medalie, U. S. Atty., of New York City (William B. Herlands and Seymour D. Altmark, Asst. U. S. Attys., both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The relator was taken into custody by the marshal for the Southern district of New York under a warrant of arrest issued upon a complaint which sought his removal to Washington, D. C., to answer to an indictment there pending against him. The commissioner before whom the proceedings were brought held the relator for removal. He thereupon sued out writs of certiorari and of

habeas corpus. This is an appeal from the District Court's order dismissing the writ of habeas corpus. The sole question presented is whether the indictment charges the commission of a crime within the District of Columbia. If it does not, the relator cannot be held for removal. Tinsley v. Treat, 205 U. S. 20, 29, 27 S. Ct. 430, 51 L. Ed. 689; United States ex rel. Brody v. Hecht, 11 F.(2d) 128 (C. C. A. 2); United States v. Glass, 25 F. (2d) 941, 943 (C. C. A. 3); In re Doig, 4 F. 193 (C. C. Cal.).

A certified copy of the indictment is in evidence. In substance it alleges that the relator signed and attested before a notary public in the city of New York a written application for a civil service examination for the position of antinarcotic agent in the Bureau of Internal Revenue, that his application contained material statements, known to him to be false, concerning his qualifications for the position (among others, that he had never been convicted of crime, although in fact he had been sentenced to a term in jail), and that, with intent to defraud the United States, he uttered and published these false statements as true to the United States Civil Service Commission in Washington, D. C. Section 29 of the Criminal Code (18 USCA § 73) was noted on the indictment as the statute violated; but the appellant properly concedes that the government is not limited to that section, if the facts alleged show the commission of some other crime of which the District of Columbia court has jurisdiction. Williams v. United States, 168 U. S. 382, 389, 18 S. Ct. 92, 42 L. Ed. 509.

Section 29 of the Criminal Code (18 USCA § 73) contains three clauses, which for convenience will be indicated by numerals in the following quotation: "[1] Whoever shall falsely make, alter, forge, or counterfeit * * * any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving * - * from the United States, or any of their officers or agents, any sum of money; [2] or whoever shall utter or publish as true * * * any such false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; [3] or whoever shall transmit to, or present at * * * any office or officer of the Government of the United States, any deed, power of attorney, order, certificate, receipt, contract, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited, shall be fined * * * and imprisoned. * * *"

It has been authoritatively established that the first clause is limited to the false making, that is, the forging, of writings, while the third clause includes not only forgeries, but also writings genuine in execution but false in statements of fact they contain. United States v. Staats, 8 How. 41, 46, 12 L. Ed. 979; United States v. Davis, 231 U. S. 183, 188, 34 S. Ct. 112, 58 L. Ed. 177; United States v. Barney, Fed. Cas. No. 14,524, 5 Blatchf. 294 (C. C. N. Y.); United States v. Moore, 60 F. 738 (D. C. N. D. N. Y.); United States v. Wentworth, 11 F. 52, 55 (C. C. N. H.); United States v. Glasener, 81 F. 566 (D. C. S. D. Cal.). Cf. United States v. Hartman, 65 F. 490 (D. C. E. D. Mo.). It is the latter type of writing, an authentic application containing false statements, that the relator is charged to have published to the Civil Service Commission with intent to defraud the United States. Such conduct is not within clause 1; nor does the government contend that it is within clause 3, because the false application was not transmitted or presented in support of any "account or claim." See United States v. Byron, 223 F. 798 (D. C. Or.). Clause 2 is the portion of the section relied upon. But, to bring the relator's conduct within the denunciation of clause 2, that clause must be given an interpretation as broad as that of clause 3 in respect to the false writings enumerated in each. To do this necessitates disregarding the word "such," inserted in the second and omitted in the third clause. The presence of "such" limits the scope of the second clause to such writings as are described in clause 1; and results in a consistent interpretation of the whole section. Clause 1 prohibits the forging of writings for the forbidden purpose, clause 2 prohibits the uttering or publishing of forged writings with intent to defraud the United States, and clause 3 prohibits the use of false writings, whether forged or genuine, in support of any account or claim with intent to defraud the United States. Were clause 2 not so limited, it would cover everything prohibited by clause 3 and make the latter a partial repetition. That clause 2 must be given the interpretation above stated was expressly said in United States v. Barney, Fed. Cas. No. 14,524, 5 Blatchf. 294, and was the basis of the Supreme Court's reasoning in construing clause 3 in the Staats and Davis Cases, supra.

The government attempts also to sustain the indictment under section 34 of the Criminal Code, 18 USCA § 79. This punishes a fraudulent "demand or endeavor" to have "wages, or other debt due from the United States, * * * paid by virtue of any false, forged, or counterfeited power of attorney, authority, or instrument." A fraudulent attempt to obtain admittance to a civil service examination is too remotely connected with the payment of wages which the applicant may earn, if successful in the examination and if finally appointed to the position, to fall within any permissible construction of this section.

Section 35 (18 USCA § 80) is also relied upon. But this statute has been confined to frauds which cause the United States pecuniary or property loss. United States v. Cohn, 270 U. S. 339, 346, 46 S. Ct. 251, 70 L. Ed. 616; Capone v. United States, 51 F. (2d) 609, 76 A. L. R. 1534 (C. C. A. 7). It cannot be extended to cover the fraudulent obtaining of the privilege of taking a civil service examination.

Section 28 (18 USCA § 72) has been construed to cover frauds involving the performance of governmental functions unrelated to fiscal matters. Goldsmith v. United States, 42 F. (2d) 133 (C. C. A. 2); United States v. Johnson, 26 App. D. C. 136; Curley v. United States, 130 F. 1 (C. C. A. 1); United States v. Plyler, 222 U. S. 15, 32 S. Ct. 6, 56 L. Ed. 70; United States v. Tynan, 6 F. (2d) 668 (D. C. S. D. N. Y.). In all the foregoing cases, however, the fraud was perpetrated by means of forgery. We think it clear that section 28 must be so limited. See United States v. Smith, 262 F. 191 (D. C. Ind.). Apparently in accord with this view, the appellees have placed no reliance on this section.

Nor have they attempted to support the indictment under the general perjury statute (Criminal Code § 125, 18 USCA § 231), although it has twice been held applicable to perjury in making application for admission to a civil service examination. Johnson v. United States, 26 App. D. C. 128; United States v. Crandol, 233 F. 331 (D. C. E. D. Va.); cf. also United States v. Smull, 236 U. S. 405, 35 S. Ct. 349, 59 L. Ed. 641. In those cases, however, prosecution for the federal offense occurred in the district in which the oath was taken. The indictment with which we are concerned alleges that the oath was taken in New York, but charges the commission of a crime in the District of Columbia where the application was published. It is well settled that the crime of perjury is complete the moment the oath is taken. Steinberg v. United States, 14 F. (2d) 564 (C. C. A. 2); United States v. Noveck, 273 U. S. 202, 47 S. Ct. 341, 71 L. Ed. 610; Levin v. United States, 5 F. (2d) 598 (C. C. A. 9); Commonwealth v. Carel, 105 Mass. 582, 586; The Queen v. Vreones, [1891] 1 Q. B. 360. It is true that the authorities cited did not involve the issue of venue as does the case at bar. But the reasoning upon which they rest is clearly inconsistent with the view that a second crime of perjury was committed upon the publication of the false application.

For the reasons stated above, we conclude that neither the sections relied upon by the government nor any other statutes which have come to our attention are sufficient to support the indictment. It follows that the relator was erroneously held for removal. The order is reversed, and the cause remanded, with directions to sustain the writ.