## LOVE v. MANTZ.
### No. 9937.

Circuit Court of Appeals, Eighth Circuit.
Aug. 8, 1934.

Harold R. Love, in pro. per.

G. F. Mantz, of Minneapolis, Minn., for appellee.

Before STONE and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment entered after an order sustaining demurrer to appellant's complaint. The action is brought under the provisions of sections 231, 232, 233, and 234, title 31, USCA, by appellant for himself and for the United States. The liability sought to be enforced is predicated upon section 80, title 18, USCA. This section provides that whoever shall make or cause to be made or presented for payment or approval to or by any officer in the civil, military, or naval service of the United States, or any department thereof, any claim upon or against the government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, or for the purpose and with the intent of cheating, swindling, or defrauding the government, or any of its departments, shall knowingly and willfully falsify or conceal, or cover up by any trick, scheme, or device, a material fact, or make or cause to be made any false or fraudulent statements or representations, or make any false claim, affidavit, or deposition, knowing the same to contain fictitious statement, shall be fined not more than $10,000, or imprisoned not more than ten years.

Section 231 of title 31, USCA, provides in effect that any person, with certain exceptions not here material, who shall do or commit any of the acts prohibited by any of the provisions of section 80, title 18, USCA, shall forfeit and pay to the United States the sum of $2,000, and in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing of such act, together with the costs of the suit.

Section 232 of title 31, USCA, provides that such a suit may be brought and carried on by any person as well for himself as for the United States.

It appears from the allegations of the complaint that both parties to this action are attorneys at law. An action was commenced for one Alfred M. Atkinson in the District Court of the United States, for the District of Minnesota, against the United States collector of internal revenue to recover certain taxes. While the action was pending an adjustment was made on July 22, 1931, by which it was agreed that the sum of $14,-732.26 should be paid to the plaintiff in that suit. A check in this amount, payable to Atkinson, was issued and delivered to the defendant United States collector of internal revenue. The appellee herein was the attorney of record for the plaintiff in that suit, while the appellant herein appeared of record as the attorney in fact for the plaintiff in that suit. While this check was in the hands of the collector, defendant in the Atkinson suit, and on December 8, 1931, the appellee presented the following affidavit:

"State of Minnesota, County of Hennepin—
     ss.:

"G. F. Mantz, being first duly sworn, deposes and says, on oath: That he is and

since the institution of the above entitled action has been attorney for plaintiff herein; that he is and has been the sole and only attorney for plaintiff herein; that the above entitled action has not been tried or heard by the Court; that prior to the date hereof several parties to this action had duly compromised and settled same for the sum of $14,-732.26; that affiant has been informed by said defendant, Levi M. Willcuts, and believes said defendant has in his possession, a check of the United States of America for full payment of the above named amount compromised and settled for by the plaintiff herein.

"That said check is in sufficient amount to pay the judgment that may be rendered against said defendant and on behalf of said plaintiff herein.

"[Signed]    G. F. Mantz."

This is duly subscribed and sworn to by the appellee.

It is alleged that this affidavit was false and fictitious because Mantz was not since the institution of the action referred to in the affidavit, attorney for the plaintiff, nor was he the sole and only attorney for the plaintiff, nor attorney at all for the plaintiff at the time or date of the affidavit, and further that the parties to the action mentioned in the affidavit had not compromised said cause of action for the sum of $14,732.62, nor any other sum. It is then alleged that these false claims were made by the defendant herein for the purpose and with the intent of cheating, swindling, or defrauding the government of the United States.

It is further alleged that the defendant concealed material facts as follows: The fact that he had entered into a motion to dismiss with prejudice before signing the affidavit; the fact that he had entered into a contract of employment with the plaintiff in that case; the fact that on August 8, 1931, he repudiated his contract of employment; the fact that under date May 29, 1931, he entered into an agreement that the appellant herein should obtain the services of another lawyer to assist and that this agreement was unrevoked; the fact that the tax liability of Atkinson was handled by the appellant and adjusted in Washington, and that the check for $14,-732.26 was the result of such adjustment; that instead of there being a compromise as alleged in the affidavit, there was an allowance of two claims.

The complaint is somewhat disconnected, and contains many immaterial and wholly irrelevant allegations; but it is alleged that, based upon the affidavit above referred to, the Judge of the United States District Court, for the District of Minnesota, entered an order directing that Levi M. Willcuts, collector of internal revenue, deliver to Alfred M. Atkinson the check in the sum of $14,-732.26, issued by the Treasury Department, upon the conditions set out in the order. It is then alleged that under date December 16, 1931, the check was delivered as ordered by the court, based on the affidavit of the appellee Mantz. It is then alleged that the United States has sustained damage in the sum of $14,732.26, by reason of the acts of the appellee Mantz.

There is no suggestion that the claim which was being prosecuted by Atkinson was a fraudulent or fictitious one, nor that there was any fraud in obtaining the settlement or approval of the claim, or that there was any intent to cheat, swindle, or defraud the government, or any of its departments, in connection with the allowance of the claim, nor that there was any concealment in connection therewith. In fact, the only acts alleged to have been committed by the appellee, of which complaint is made, were those done and performed after the Atkinson claim had been allowed and the check was in the hands of the collector of internal revenue. Apparently, the affidavit was made as the basis for making some record of the settlement and disposition of the pending litigation. The statutes referred to, and which are invoked by appellant, have to do with the making of false claims against the government, or of cheating, swindling, or defrauding the government, and the acts with which the appellee is charged seem to be entirely foreign to any matter covered by either of these statutes. As said in United States ex rel. Starr v. Mulligan (C. C. A. 2) 59 F.(2d) 200, 202: "But this statute has been confined to frauds which cause the United States pecuniary or property loss. United States v. Cohn, 270 U. S. 339, 346, 46 S. Ct. 251, 70 L. Ed. 616; Capone v. United States, 51 F.(2d) 609, 76 A. L. R. 1534 (C. C. A. 7)."

All that the appellee is alleged to have done was to secure a delivery of the check to the taxpayer in payment of the claim which had been allowed and was justly due. The facts alleged bear no semblance to a cause of action.

The judgment appealed from is affirmed, and it is directed that the mandate of this court issue forthwith.