983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Terry M. TALLEY, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3386.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1992.
 
 Before PAULINE NEWMAN, MICHEL and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Terry M. Talley petitions for review of the initial decision of the Administrative Judge (AJ) of the Merit Systems Protection Board (Board) in Docket No. SL0752910391I1, dated December 12, 1991, upholding the Department of the Army's decision to remove Mr. Talley from his position as a GS-5 payroll clerk for falsifying his employment application. The AJ's decision became the final decision of the Board when the Board denied review on March 17, 1992. We affirm.
 
 DISCUSSION
 
 2
 We must affirm the Board's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 The agency released Mr. Talley from his position as a payroll clerk because he falsified information with regard to a prior felony conviction and with respect to his prior employment record on three SF-171 employment applications. Mr. Talley alleges that the Board's decision is based on a misapplication of the law, that the findings of fact are not supported by substantial evidence, and that the penalty of removal is excessive.
 
 
 4
 The statute and case law cited by Mr. Talley in support of his argument that the Board incorrectly applied the law are inapposite. Mr. Talley states that 18 U.S.C.A. § 1001, p 110 should have been applied, apparently under the mistaken belief that he was discharged pursuant to that provision. This statute relates to fraudulent statements generally and it appears on the SF-171 forms that Mr. Talley completed; however, it has no application to Mr. Talley's removal which was executed pursuant to agency policy. Army Regulation 690-700, ch. 751. He also cites Starr v. Mulligan, 59 F.2d 200 (2nd Cir.1932), which relates to physical removal of an individual from one state to another. The instant case involves removal from employment, not removal in the physical sense of the word.
 
 
 5
 A charge of falsification requires an agency to prove by a preponderance of the evidence that the employee knowingly supplied incorrect information with the intent to defraud the agency. Naekel v. Department of Transp., 782 F.2d 975, 977 (Fed.Cir.1986). Although a false statement alone cannot establish the charge of falsification, an employee's intent to deceive may be inferred from a reckless disregard for the truth, or with a conscious purpose to avoid the employer's learning the truth. Id. Intent may be proven by direct or circumstantial evidence. Raymond v. Department of the Army, 34 MSPR 476, 482 (1987).
 
 
 6
 The Board found that Mr. Talley had falsified information on his SF-171 employment forms by asserting that he had no prior felony convictions and that he had never been fired from previous employment. These assertions were found to be intentional in light of the fact that Mr. Talley continued to omit this information on subsequent SF-171 forms after being confronted by a supervisor with the results of an OPM background investigation which indicated that he had been fired from his previous position with McDonnell Douglas and that he had pled guilty to three felonies for which he was put on probation. This record comprised substantial evidence in support of these findings.
 
 
 7
 Petitioner argues that the cases cited by the Board involved situations where there was a dismissal for cause and that he did not benefit from his falsification. The fact that he did not benefit or that his performance was otherwise satisfactory does not detract from the seriousness of his misconduct. These arguments have no relevance to the Board's decision.
 
 
 8
 Petitioner also argues that his penalty of summary dismissal was too extreme. The Board found that selection of the appropriate penalty was clearly within the discretion of the agency, and that in this case, the penalty of removal was reasonable in view of the seriousness of the misconduct. This finding is reasonable and supported by substantial evidence as well as the relevant case law.