# UNITED STATES *v.* DAVIS.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 395.    Argued October 17, 1913.—Decided December 1, 1913.

On a direct appeal from an order quashing an indictment this court assumes the correctness of the meaning affixed to the indictment by the court below and determines only whether the statute was correctly construed.

Section 29 of the Penal Code is practically a reproduction of § 5421, Rev. Stat., which in turn represents § 1 of the act of March 3, 1823, c. 38, 3 Stat. 771, and this court follows the construction already given by this court to the last named statute to the effect that it embraces fraudulent documents as well as those that are forged or counterfeited. *United States* v. *Staats*, 8 How. 41.

The enumeration of certain classes of forged and false documents in § 5421, Rev. Stat., does not exclude other fraudulent documents which might be used to perpetrate the wrong which it is the purpose of the statute to prevent.

THE facts, which involve the construction of §§ 28 and 29 of the Penal Code (§§ 5421 and 5479, Rev. Stat.), are stated in the opinion.

*Mr. Assistant Attorney General Knaebel* for the United States:

The false writings intended by the third clause of § 5421,

Rev. Stat., are not confined to forgeries, but include also writings genuine as to execution but false and fraudulent in substance. *United States* v. *Staats*, 8 How. 41; *United States* v. *Barney*, 5 Blatchf. 294; *S. C.*, 24 Fed. Cas., No. 14524; *United States* v. *Bickford*, 4 Blatchf. 337; *S. C.*, 24 Fed. Cas., No. 14591; *United States* v. *Spaulding* (Dakota), 13 N. W. Rep. 357; *United States* v. *Hansee*, 79 Fed. Rep. 303; *Dolan* v. *United States*, 133 Fed. Rep. 440, 450. See also *United States* v. *Gowdy*, 37 Fed. Rep. 332.

It was expressly held in the *Bickford Case, supra*, that the third clause applies to a case in which the claim is one for bounty land; and a like ruling was made in *United States* v. *Wilcox*, 4 Blatchf. 385; *S. C.*, 28 Fed. Cas., No. 16691.

In view of the nature of a soldier's additional right, those cases cannot be distinguished from the case at bar. *United States* v. *Lair*, 118 Fed. Rep. 98; *Barnes* v. *Poirier*, 64 Fed. Rep. 14; *Webster* v. *Luther*, 163 U. S. 331. *United States* v. *Fout*, 123 Fed. Rep. 625; *United States* v. *Reese*, 4 Sawy. 629, distinguished.

*Mr. Thomas M. Seawell*, with whom *Mr. Oscar T. Hamlin* was on the brief, for defendants in error:

The construction of the indictment by the lower court is without doubt correct, but even if it were not, this court cannot review that question in this proceeding because the construction of the indictment made by the lower court is final in this court. *United States* v. *Biggs*, 211 U. S. 507; *United States* v. *Keitel*, 211 U. S. 370.

Sections 28 and 29 of the Penal Code, namely, the act of Congress approved March 4, 1909, relate and refer solely to forged, false and counterfeited instruments, public records, affidavits and other writings, and not to instruments, public records, affidavits and other writings containing false statements; therefore, the indictment

does not state facts sufficient to constitute the offense under § 37 of the Penal Code, of conspiracy to commit an offense prohibited by §§ 28 and 29 thereof. *United States v. Staats,* 8 How. 41; *United States v. Howell,* 11 Wall. 432; *United States v. Moore,* 60 Fed. Rep. 738; *United States v. Glasener,* 81 Fed. Rep. 566; *United States v. Albert,* 45 Fed. Rep. 552; *United States v. Wentworth,* 11 Fed. Rep. 52; *United States v. Barney,* 5 Blatchf. 294; *United States v. Reese,* 4 Sawy. 629; *State v. Willson,* 28 Minnesota, 52; *Mann v. People,* 15 Hun, 155; *State v. Young,* 46 N. H. 266; *Commonwealth v. Baldwin,* 11 Gray, 197; Barb. Cr. Law, 97; Whart. Cr. Law, § 653.

The decision of the lower court is correct as the instruments mentioned in the statutes construed by it do not include the affidavit, assignment, written guaranty and instruments set forth in each of the counts of the indictment. This court is not confined to a review merely of the single reason given by the lower court, but if in the construction of the statutes under consideration there are other reasons why the judgment of the lower court should be sustained, this court has a right to so decide so long as the decision is confined to the construction of the statutes.

The object of the statute of 1907 was to confine this court to a review of decisions of the lower court concerning the subjects embraced within the clauses of the statutes. *United States v. Keitel,* 211 U. S. 371; *United States v. Stevenson,* 215 U. S. 190.

The subject of soldiers' additional homesteads is governed by §§ 2306, 2307, Rev. Stat., and under them no affidavits of any kind are required. In this case the affidavit of the claimant is unofficial in character and initiates no right to any tract of land, being a mere *ex parte* declaration under oath by persons having no official relation to the Government. See *Barnes v. Poirier,* 64 Fed. Rep. 14; *Webster v. Luther,* 163 U. S. 331; *United States v.*

*Gridley,* 186 Fed. Rep. 544; *Robinson* v. *Lundrigan,* 178 Fed. Rep. 230.

The instruments being unknown to the law, cannot be made the basis of a criminal offense, and therefore a proper construction of §§ 28 and 29, Penal Code, does not include the instruments contained in the indictment. *United States* v. *Dupont,* 176 Fed. Rep. 823.

Even if there were rules and regulations of the Land Department providing for such instruments, still as they are not authorized by any law of the United States, such requirements cannot be made the basis of a criminal offense. *Williamson* v. *United States,* 207 U. S. 425; *Webster* v. *Luther,* 163 U. S. 331; *United States* v. *Eaton,* 144 U. S. 677.

The indictment upon its face discloses that the alleged conspiracy was for the purpose of transferring additional homestead rights to third persons by means of the written instruments therein set forth.

If, therefore, there be any fraudulent purpose disclosed in the indictments it is not to defraud the Government, but individuals who may be allured into the purchase of such rights. The statute does not include such conduct towards individuals.

A conspiracy formed for the purpose of committing a crime against the State is no offense against the laws of the United States. *Pettibone* v. *United States,* 148 U. S. 419; *United States* v. *Thompson,* 29 Fed. Rep. 86; *United States* v. *Fout,* 123 Fed. Rep. 625.

MR. CHIEF JUSTICE WHITE, delivered the opinion of the court.

The indictment charged the defendants under Penal Code, § 37 (Rev. Stat. § 5440), with a conspiracy to commit offenses against the United States, that is, to violate §§ 28 and 29 of the Penal Code. These sections, leaving

aside additions, irrelevant to this case, are reproductions of §§ 5421 and 5479, Revised Statutes, in force in 1909 when the acts charged were committed. All the overt acts concerned the making or use of false affidavits and documents, in support of a fraudulent claim for land under Rev. Stat. §§ 2304 and 2307, giving honorably discharged soldiers of the Civil War the right to make an additional entry under the circumstances stated in the statutes and the privilege also conferred upon the widow of such honorably discharged soldier to make a claim for land as therein provided. In passing on demurrers, the court treating all the counts as relating solely to the making and use of documents which were merely false and fraudulent but not forged, and construing §§ 5421 and 5479, Rev. Stat., and Penal Code, §§ 28 and 29 as embracing only documents which were forged and counterfeited, held that none of the counts charged acts embraced by the provisions in question and therefore the indictment was quashed because it stated no offense against the United States. On this direct appeal we assume the correctness of the meaning affixed to the indictment by the court below and come only to determine whether the statute was correctly construed. This duty is narrowed by a concession made in argument by the Government to the effect that the construction given by the court to the statute was correct except as to the last paragraph of § 5421, and that even if as to that paragraph it be held that the court below was wrong and that the terms of the paragraph include affidavits, documents, etc., which were merely fraudulent and not forged, only the fourth count would in that contingency be within the section. This consequently confines the issue to a consideration of the third paragraph of the section. For convenience of reference the entire section is in the margin.[1]

---

[1] SEC. 5421. Every person who falsely makes, alters, forges, or counterfeits; or causes or procures to be falsely made, altered, forged, or

Coming to the text of the third paragraph, we think it is at once apparent that its provisions are so comprehensive as to prevent us from holding that they include only documents which are forged or counterfeited and hence exclude all other documents, however fraudulent they may be. The all-embracing words "any deed, power of attorney, order, certificate, receipt, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited" leave room for no other conclusion.   The context of the section reinforces this view, since the contrast between the narrow scope of the first two paragraphs and the enlarged grasp of the third shows the legislative intent, after fully providing in the first two paragraphs for forged and counterfeited documents, instruments, etc., to reach by the provisions of the third paragraph, any and all fraudulent documents, whether forged or not forged, and thus efficiently to deter

counterfeited; or willingly aids or assists in the false making, altering, forging, or counterfeiting, any deed, power of attorney, order, certificate, receipt, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money;

or who utters or publishes as true, or causes to be uttered or published as true, any such false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited;

or who transmits to, or presents at, or causes or procures to be transmitted to, or presented at, any office or officer of the Government of the United States, any deed, power of attorney, order, certificate, receipt, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited, shall be imprisoned at hard labor for a period of not less than one year nor more than ten years; or shall be imprisoned not more than five years, and fined not more than one thousand dollars.

from committing the wrong which it was the purpose of
the section to prohibit. It is not, however, necessary to
fix the true meaning of the provision by a resort as an
original question to its text, since its significance has been
authoritatively determined contrary to the construction
adopted by the court below. The section represents the
first section of the act of March 3, 1823, c. 38, 3 Stat. 771,
the title of which, "An act for the punishment of frauds
committed on the Government of the United States,"
manifests the purpose which Congress had in mind in
enacting it. As long ago as 1850, in *United States* v. *Staats,*
8 How. 41, the court was called upon to determine whether
an indictment charging the transmission of a false (but not
forged) affidavit touching a claim for pension was sus-
tainable under the third clause of the section. The court
fully analyzed the statute and while conceding that other
clauses of the act dealt with forged instruments in a
technical sense, concluded that the case was within both
the letter and the spirit of the act and therefore that the
acts charged in the indictment constituted an offense
within the provisions of the law. When then the question
before us is determined in the light of the text of the third
paragraph and the context of the section, especially as
elucidated by the ruling in the *Staats Case,* we think it
clearly results that the court below was wrong in the con-
struction which it gave the statute and therefore its judg-
ment must be reversed. In saying this we do not overlook
the fact that in the argument for the defendant in error
it is insisted that even although it be found that the
construction which the court below gave was an erroneous
one, nevertheless its judgment should be affirmed because
from other points of view, the statute, if rightly construed,
would exclude the possibility of holding that the facts
charged in the indictment were within its terms. But
without going into detail on this subject, we content our-
selves with saying that in our opinion all the propositions

relied upon to sustain this result are so obviously un-
sound or so plainly concern the construction of the indict-
ment as not to call for particular notice.

*Reversed.*