### UNITED STATES v. SMITH.

(District Court, D. Indiana, at Indianapolis. January 3, 1920.)

#### No. 1358.

1. POST OFFICE ☞27—DEFENDANT, PRESENTING AFFIDAVITS OF OWNERSHIP OF NEWSPAPER, CANNOT URGE THAT THEY WERE NOT AFFIDAVITS, IN PROSECUTION FOR THEIR FALSITY.

Where defendant, pursuant to Act Aug. 24, 1912, § 2 (Comp. St. § 7313), presented affidavits taken before a notary as to the ownership of a newspaper, defendant cannot, in a prosecution for their falsity under Criminal Code, § 28 (Comp. St. § 10192), urge that, because taken before a notary, they were not affidavits within the act.

2. POST OFFICE ☞27—MAKING OF AFFIDAVIT CONTAINING FALSE STATEMENTS NOT ALTERATION, FORGERY, OR COUNTERFEITING OF SAME.

The making of an affidavit containing false statements, though the same was delivered to the postal authorities to show the ownership of a newspaper, as required by Act Cong. Aug. 24, 1912, § 2 (Comp. St. § 7313), does not fall within Criminal Code, § 28 (Comp. St. § 10192), denouncing the offense of falsely making, altering, or counterfeiting affidavits, etc.; the affidavit being in fact genuine.

Delavan Smith was indicted for violation of Criminal Code, § 28, for making a false affidavit as to the ownership of a newspaper. On demurrer to the indictment. Demurrer sustained.

L. Ert Slack, U. S. Atty., of Indianapolis, Ind.

Ferdinand Winter and Miller, Dailey & Thompson, all of Indianapolis, Ind., for defendant.

ANDERSON, District Judge. An act of Congress passed August 24, 1912 (37 Stat. 553, c. 389 [Comp. St. § 7313]), provides:

"That it shall be the duty of the editor, publisher, business manager, or owner of every newspaper, magazine, periodical, or other publication to file with the Postmaster General and the postmaster at the office at which said publication is entered, not later than the first day of April and the first day

---

of October of each year, * * * a sworn statement setting forth the names and post office addresses of the editor and managing editor, publisher, business managers, and owners. * * *" Section 2.

This statute further provides:

"Any such publication shall be denied the privileges of the mail if it shall fail to comply with the provisions of this paragraph within ten days after notice by registered letter of such failure."

Section 28 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1094 [Comp. St. § 10192]) provides as follows:

"Whoever shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly aid, or assist in the false making, altering, forging, or counterfeiting, any bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing for the purpose of defrauding the United States; or shall utter or publish as true, or cause to be uttered or published as true, or have in his possession with the intent to utter or publish as true, any such false, forged, altered, or counterfeited bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit or other writing for the purpose of defrauding the United States, knowing the same to be false, forged, altered, or counterfeited; or shall transmit to, or present at, or cause or procure to be transmitted to, or presented at, the office of any officer of the United States, any such false, forged, altered, or counterfeited bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing, knowing the same to be false, forged, altered, or counterfeited for the purpose of defrauding the United States, shall be fined not more than one thousand dollars, or imprisoned not more than ten years, or both."

On October 21, 1919, the defendant was indicted by the grand jury for the violation of the various clauses of this section. The indictment is in 20 counts, and these various counts are based upon four affidavits, dated, respectively, October 1, 1912, April 1, 1918, September 30, 1918, and March 31, 1919.

These affidavits are not charged in any count of the indictment to be forged or counterfeited, in the technical sense of the term. They are charged to be genuine as to their execution, but false as respects one of the material statements in them; that is, as to the ownership of the newspaper. Each count is based upon one of these affidavits, and each of them is averred to have been sworn to before a notary public.

Two objections are made to the indictment and to each count of it. One of the objections made is that—

"A notary public is not an officer authorized by any statute of the United States to administer an oath in reference to the matters to which said affidavit relates."

[1] It is earnestly contended that, this being so, the affidavit is not an affidavit, as alleged in the indictment, and that this defect appears upon the face of the indictment. If the defendant, as alleged in the indictment, presented these affidavits to the postmaster in Indianapolis as affidavits, he cannot now be heard to say that they are not affidavits.

In Ingraham v. United States, 155 U. S. 434, 15 Sup. Ct. 148, 39 L. Ed. 213, the Supreme Court had before it this question. Ingra-

ham was indicted for presenting to the Third Auditor of the Treasury an affidavit in support of a fraudulent scheme against the government, and upon his trial the objection was made that the affidavit, which had been sworn to before a justice of the peace, was not admissible in evidence without proof that the justice had been duly commissioned and qualified as a justice of the peace. The Supreme Court said, on page 437 of 155 U. S. (15 Sup. Ct. 149, 39 L. Ed. 213):

"Even if Remington [the justice of the peace] had not been properly commissioned, or had not qualified, so as to entitle him, in law, to discharge the functions of a justice of the peace, the paper presented by the defendant to the Third Auditor of the Treasury for the purpose of obtaining the payment or approval of his claim, being in the form of an affidavit, must, for all the purposes of this prosecution, be taken to be an affidavit. If he knew that the statement in that paper, described in the indictment, was fraudulent or fictitious, he was not the less guilty * * * because of the fact, if such was the fact, that Remington had not been duly commissioned as a justice of the peace, and was not, for that reason, entitled to administer the oath certified by him. * * * He is estopped to deny that the document or writing so used was not what it purports to be, namely, an affidavit."

The several counts of the indictment are therefore not bad upon this ground.

[2] It is, however, insisted by the defendant that the different paragraphs or clauses of section 28 apply only to forged instruments, and not to instruments which are genuine as to execution, but false as to the facts contained in them. The Supreme Court has not passed upon this section 28, so far as the researches of counsel have disclosed; but section 29 (Comp. St. § 10193), which reads as follows:

"Whoever shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly aid, or assist in the false making, altering, forging, or counterfeiting, any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving or of enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money; or whoever shall utter or publish as true, or cause to be uttered or published as true, any such false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; or whoever shall transmit to, or present at, or cause or procure to be transmitted to, or presented at, any office or officer of the Government of the United States, any deed, power of attorney, order, certificate, receipt, contract, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited, shall be fined not more than one thousand dollars and imprisoned not more than ten years"

—has been before the Supreme Court twice.

In United States v. Staats, 8 How. 41, 12 L. Ed. 979, the Supreme Court construed the last clause or paragraph of section 29. The indictment in that case was based upon an affidavit, genuine in fact, but containing what was alleged to be a false and untrue statement. One of the questions before the court was whether the acts charged in the indictment constituted an offense within the last

clause of this section 29. The court said, on page 46 of 8 How. (12 L. Ed. 979):

"The court are of opinion that the offense charged in the indictment comes within the statute. The only doubt that can be raised is whether the writing transmitted or presented to the commissioner in support of the claim for a pension should not, within the meaning of the statute, be an instrument forged, or counterfeited, in the technical sense of the term, and not one genuine as to the execution, but false as it respects the facts embodied in it.

"The instruments referred to in the first part of the section, the false making or forging of which, with the intent stated, is made an offense, probably are forged instruments in a strict technical sense; and there is force, therefore, in the argument that the subsequent clause, making the transmission or presentation of deeds or other writings to an officer of the government a similar offense, had reference to the same description of instruments."

But the court held, because of the language of the last clause of the section, "any deed, power of attorney," etc., that it embraced the instrument counted upon in the indictment.

In United States v. Davis, 231 U. S. 183, 34 Sup. Ct. 112, 58 L. Ed. 177, the Supreme Court again had the same question before it; that is to say, whether the third paragraph of section 29 included only documents which were forged or counterfeited, and therefore excluded all other documents, no matter how fraudulent they might be. The court said:

"Coming to the text of the third paragraph, we think it is at once apparent that its provisions are so comprehensive as to prevent us from holding that they include only documents which are forged or counterfeited, and hence exclude all other documents, however fraudulent they may be. The all embracing words, 'any deed, power of attorney, order, certificate, receipt, or other writing in support of or in relation to any account or claim with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited,' leave room for no other conclusion. The context of the section reinforces this view, since the contrast between the narrow scope of the first two paragraphs and the enlarged grasp of the third shows the legislative intent, after fully providing in the first two paragraphs for forged and counterfeited documents, instruments, etc., to reach by the provisions of the third paragraph, any and all fraudulent documents, whether forged or not forged, and thus efficiently to deter from committing the wrong which it was the purpose of the section to prohibit."

The court then refers to the case of United States v. Staats and says:

"The court [in that case] fully analyzed the statute, and while conceding that other clauses of the act dealt with forged instruments in a technical sense, concluded that the case [under the third clause] was within both the letter and the spirit of the act."

When the court in the Davis Case based its construction of the statute upon the "narrow scope" of the first two paragraphs and the "enlarged grasp" of the third, it, in effect, decided that the first two paragraphs should have the narrow scope contended for; that is, they embraced only forged or counterfeited instruments in a technical sense.

Section 28 has no such "all-embracing words" in any of its paragraphs, such as are found and expressly relied upon by the Supreme Court in its construction of section 29. The second and third para-

graphs of section 28 each uses the words "any such false, forged," etc. It therefore follows that, so far as section 28 is concerned, it only embraces forged or counterfeited instruments in the technical sense, and does not include instruments which are genuine, but which contain statements which are not true in fact. This construction as to the meaning of the words "falsely make, forge or counterfeit" is strengthened by the fact that the sections of the statute, making it a crime to forge or counterfeit the coins or paper money of the United States, use these exact words, as, for example, section 163 (Comp. St. § 10333):

"Whoever shall falsely make, forge, or counterfeit, or cause or procure to be falsely made, forged, or counterfeited"

—and section 164 (Comp. St. § 10334):

"Whoever shall falsely make, forge, or counterfeit, or cause or procure to be falsely made, forged, or counterfeited."

It follows that no count of the indictment states an offense under section 28, and the demurrer should be and is accordingly sustained.