## HART v. SQUIER.

### No. 11436.

Circuit Court of Appeals, Ninth Circuit.

Feb. 3, 1947.

Writ of Certiorari Denied April 28, 1947.

See 67 S.Ct. 1203.

Gordon Leonard Hart, in pro. per.

J. Charles Dennis, U. S. Atty., Guy A. B. Dovell and Harry Sager, Asst. U. S. Attys., all of Tacoma, Wash., for appellee.

Before GARRECHT, STEPHENS and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant was a narcotic addict who procured certain narcotic drugs through a deception. When apprehended and brought to trial he pleaded guilty, under the advice of appointed counsel, to the following indictment:

"Count I

"That Gordon Leonard Hart, alias Melvin G. Baker, alias J. R. Kelly, alias John Prutil, alias A. Russell, whose true and full name is to the grand jurors unknown, on or about the 31st day of August, 1945, at Seattle, in the Northern Division of the Western District of Washington, and within the jurisdiction of this Court, then and there being, did then and there knowingly, wilfully, unlawfully and feloniously, and for the purpose of defrauding the United States, utter and publish as true upon one W. A. Look, a pharmacist, a certain false writing, being a prescription for narcotic drugs issued by Wm. C. Riddell, M. D., a registered physician, and purportedly issued to Melvin G. Baker, 902, 6th Avenue, Seattle, Washington, which was the false and fictitious name and address given by the said defendant, thereby to procure a certain derivative' of opium, to wit, Onehalf (½) grain of Dilaudid, the said Gordon Leonard Hart, alias Melvin G. Baker, alias J. R. Kelly, alias John Prutil, alias A. Russell, then and there well knowing the

same to be false and fictitious as aforesaid; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

After serving a portion of his sentence, appellant petitioned the District Court for a writ of habeas corpus and the hearing upon his petition developed that the sole issue presented was whether or not the indictment charged a crime against the United States. If it did not the sentencing court was without jurisdiction, its judgment and sentence are void, and the appellant is entitled to his liberty.

Appellant presented a certified copy of an unreported decision of the District Court for the District of Oregon sustaining a demurrer to a similiar indictment on the ground that it did not charge a crime against the United States. Although recognizing the weight of such authority, the District Court below denied the petition, recommending to appellant that he appeal to this court. Such appeal was taken in forma pauperis, the case submitted upon briefs, and the issue is now before us.

Did the above-quoted indictment charge a crime against the United States?

Section 72 of Title 18 of the United States Code Annotated is referred to in the indictment and the pertinent part is as follows: "Whoever shall falsely make, alter, forge or, counterfeit * * * or shall utter or publish as true * * * any such false, forged * * * other writing, for the purpose of defrauding the United States, knowing the same to be false, forged, * * * shall be fined * * * or imprisoned * * *." 18 U. S.C.A. § 72 [Emphasis supplied.]

Only a single new inquiry is required to determine the question before us. In Johnson v. Warden,[1] we held that a prescription for obtaining narcotic drugs was a "writing" within the terms of the statute. We further held that it was unnecessary to show any pecuniary loss to the Government as a result of the fraud and that it was enough that the unlawful activity frustrated the administration of a statute[2] (in this case 26 U.S.C.A. Int.Rev.Code, § 2554[3]). The narrow inquiry, therefore, is: Is the prescription "false" or "forged" within the meaning of the statute?

To state the question is to answer it, for under the allegations of the indictment the name on the prescription is not appellant's true name, but is assumed, fictitious—false. We need not decide whether this is forgery or not, but cf. Meldrum v. United States, 9 Cir., 151 F. 177, 181, 10 Ann.Cas. 324; Buckner v. Hudspeth, 10 Cir., 105 F.2d 393, 395.

The indictment charged a crime against the United States. The judgment of the District Court is affirmed.

[1] Johnson v. Warden, 9 Cir., 134 F.2d 166, 167, certiorari denied 319 U.S. 763, 63 S.Ct. 1320, 87 L.Ed. 1714, "We entertain no doubt that a forged physician's prescription for narcotics falls within the meaning of the phrase 'other writing' as used in that statute."

[2] Id. "It is well settled that in order to establish a purpose to defraud the United States, within the contemplation of § 28 [18 U.S.C.A. § 72] of the Criminal Code, it is not necessary to prove that the government would thereby suffer a pecuniary loss. It is enough that the unlawful activity be engaged in for the purpose of frustrating the administration of a statute, or that it tends to impair a governmental function. By 26 U.S.C.A. Int.Rev.Code, § 2554 it is made unlawful for any person to sell or give away any narcotic drugs except in named circumstances * * *. It is obvious that the utterance of a forged prescription tends directly to frustrate the laws of the United States relating to the dispensing of narcotics."

[3] 26 U.S.C.A. Int.Rev.Code, § 2554 (c) (1) "* * * That such physician * * * shall keep a record of all such drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed * * *.

"(c) (2) (a) by a dealer to a consumer under and in pursuance of a written prescription issued by a physician * * *."