## WRIGHT v. UNITED STATES.
### No. 11824.

United States Court of Appeals
Ninth Circuit.
Jan. 19, 1949.

Jos. F. Walton, of Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty. and E. R. Thurman, Asst. U. S. Atty., both of Phoenix, Ariz., for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and DRIVER, District Judge.

DRIVER, District Judge.

The appellant was convicted of transporting forged securities in interstate commerce in violation of the National Stolen Property Act, as amended, 18 U.S.C.A. § 415.[1] Each of the four counts of the indictment recites that the security transported was a certain bank check, drawn by the appellant on a bank in which he did not have funds or credit. The counts differ from each other only as to the dates and amounts of the checks and the names of the payees. Appellant waived trial by jury and the case was submitted to the Court on an agreed statement of facts. From a judgment of conviction on all of the counts, this appeal was taken.

The stipulated facts with reference to count 1, which will serve as a typical example, briefly summarized, are as follows: On January 8, 1947, at Phoenix, Arizona, appellant drew a check on a bank in Salt Lake City, Utah, payable in blank, and cashed it in person at an establishment in

[1] Now Sec. 2314 of new 18 U.S.C.A., effective September 1, 1948.

Phoenix. He knew that he did not have sufficient funds in or credit with the Salt Lake City bank to meet the check upon its presentation. The check bore the true signature of appellant. In due course of clearance and collection, it was deposited in a Phoenix bank, which placed it in the United States mail for transportation to the drawee bank in Salt Lake City.

In so far as it need be considered here, the statute on which the conviction rests provides: " * * * whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited * * * shall be punished * * *."

Appellant's sole contention is that the checks drawn by him, as related in the stipulation of facts, were not falsely made or forged within the meaning of the statute.[2]

■ There is no definition of either of the terms, "falsely made" or "forged," in the National Stolen Property Act. They are to be found in many other Federal, forgery statutes where, likewise, they are not specifically defined.[3] It seems a reasonable assumption that Congress intended them to have their common, ordinary meaning in all such statutes including the one now under consideration. The word "forgery" is commonly defined as the false making or materially altering, with intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. 37 C.J.S., Forgery, § 1; 23 Am.Jur., Forgery, Sec. 2; Milton v. United States, 71 App.D.C. 394, 110 F.2d 556, 560; Lincoln Building & Loan Ass'n v. Cohen, 292 Ky. 234, 165 S.W.2d 957, 960.

■ According to the foregoing definition, false making is an essential element of forgery, where, as in the present case, material alteration is not involved. As the term implies, "false making" has reference to the manner in which ne writing is made or executed rather than to its substance or effect. A falsely made instrument is one that is fictitious, not genuine, or in some material particular something other than it purports to be and without regard to the truth or falsity of the facts stated therein. By the decisive weight of authority, the genuine making of a writing, which contains false or misleading statements is not false making or forgery. 37 C.J.S., Forgery, § 5; 23 Am.Jur., Forgery, Sec. 7; United States v. Moore, D. C., 60 F. 738; United States v. Glasener, D.C., 81 F. 566; United States v. Smith, D.C., 262 F. 191; Goucher v. State, 113 Neb. 352, 204 N.W. 967, 41 A.L.R. 227.

Moreover, it has generally been held that the genuine making of a writing for the purpose of defrauding another is not forgery. State v. Adcox, 171 Ark. 510, 286 S.W. 880; Binganan v. State, 180 Ark. 266, 21 S.W.2d 156; Annotation, 41 A.L.R. 229, 231. In each of the two cited cases, the Supreme Court of Arkansas held that the drawing of a bank check in the true name of the drawer, or in the name by which he was commonly known, with intent to defraud, did not constitute forgery.

■ Here, appellant drew the checks on an existent bank and signed them in his own true name. There was nothing fictitious about them. They were exactly what they purported to be, namely, written requests by appellant to the drawee bank to pay a specified sum of money to a third person or to his order. It may well be said that, by implication, they falsely represented that appellant had sufficient funds in the

---

[2] It is not claimed that the checks were altered or counterfeited. The term "securities" is defined to include checks in the National Stolen Property Act, 18 U.S.C.A. § 414(b) (old) [new § 2311]. Appellant does not question that he caused the checks to be transported in interstate commerce. See United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359.

[3] For example, see 44 Stat. 830, 38 U.S.C.A. § 648, forgery of adjusted service certificates; 39 Stat. 544, 49 U.S.C.A. § 121, forgery of bills of lading for interstate shipments; 35 Stat. 1118, 18 U.S.C.A. § 272 (old) [new § 482] forgery of bills and notes of foreign banks; 40 Stat. 227, 22 U.S.C.A. § 222 [new 18 U.S.C.A. § 1543], forgery of passports.

drawee bank to pay them upon their presentation, and the facts will support an assumption that he intended to use them to defraud, but that does not justify classifying the checks as "falsely made" or "forged" within the meaning of the National Stolen Property Act.

Appellee argues that the checks drawn by appellant were both falsely made and forged, but the cases cited do not support that conclusion. They may logically be divided into two categories. The first consists of cases in which an accused was charged, under an applicable penal statute, with the making, uttering, or using of a *false* writing with intent to defraud. Williams v. Territory, 13 Ariz. 27, 108 P. 243; Hart v. Squier, 9 Cir., 159 F.2d 639, 640. The former was a prosecution for violation of an Arizona statute, Pen.Code 1901, § 489, which penalized the obtaining of money or property by means of "any false or bogus check" with intent to defraud. In the Squier case, this Court had under consideration an indictment, which charged the uttering and publishing as true of a false writing, a prescription for narcotic drugs, in violation of 18 U.S.C.A. § 72 (old) [new § 494]. The prescription was alleged to be false in that the name and address of the patient to whom it was purportedly issued were fictitious. It appears in the opinion that the governing statute included within its penal coverage "Whoever shall falsely make, alter, forge, or counterfeit * * * or shall utter or publish as true * * * any such false, forged * * * other writing, for the purpose of defrauding the United States, knowing the same to be false, forged * * *." This Court held that the indictment adequately alleged the uttering of a false writing within the meaning of the Statute. The opinion states, 159 F.2d at page 640, "We need not decide whether this is forgery or not * * *." Both cases are distinguishable since the statute here penalizes the transportation in interstate commerce of a falsely made or forged

writing, but does not cover such use of a false writing.[4]

The second class of cases, cited by appellee, consists of those in which Courts have held that the making of a writing in the name of a fictitious person, or under an assumed name, with intent to defraud, is forgery. State v. Wheeler, 20 Or. 192, 25 P. 394 (promissory note); Buckner v. Hudspeth, 10 Cir., 105 F.2d 393 (bank check); Meldrum v. United States, 151 F. 177, Ann.Cas. 324 (affidavit). Clearly, they are not in point. Here appellant signed his own name to the checks.

It is our conclusion that the facts do not show the commission of an offense against the United States for the reason that the checks, which appellant caused to be transported in interstate commerce, were not falsely made or forged.

The judgment is reversed.

---

[4] For discussions of the distinction between the false making of a writing and the making of a false writing, see United States v. Staats, 8 How. 41, 49 U.S. 40, 46, 47, 12 L.Ed. 979; United States v. Davis, 231 U.S. 183, 34 S.Ct. 112, 58 L.Ed. 177; United States v. Smith, D.C., 262 F. 191, 193–195.