### Motion of DAVIS.

### UNITED STATES v. DAVIS (two cases).

### Cr. Nos. 7828, 7829.

United States District Court
D. Montana, Great Falls Division.
Aug. 26, 1949.

John B. Tansil, United States District Attorney, Franklin A. Lamb, Assistant United States District Attorney, Billings, Montana, for plaintiff.

Joseph L. Bortin, San Francisco, California, for defendant.

PRAY, Chief Judge.

The motion in the above entitled causes rests upon the provisions of Section 2255, 28 U.S.C.A., and seeks to vacate and set aside the judgments rendered in the said causes, and to discharge defendant Davis, who is now serving a sentence under said judgments. Following the hearing held on this motion a transcript of the proceeding was mailed to said Davis and he acknowledged receipt thereof; he was allowed ten days after receipt of transcript to submit any authorities or any argument in writing on the subject of the hearing and his motion, the Government was allowed ten days for a reply. Subsequently the attorney for Mr. Davis, who resides and is engaged in the practice of law in the City of San Francisco, submitted a brief to the court which was tendered and received as amicus curiæ, and later was followed by a brief on the part of the Government.

The court has considered the charges against the arresting officers as contained in the motion in question and their sworn statements in reference thereto, and likewise the arguments of counsel for the respective parties. From a perusal of the transcript, it would seem, and it is so stated on the part of the Government counsel, that each and every officer who at any time interviewed or contacted the defendant testified as a witness at the hearing and denied all charges and especially that any threats were ever made to the defendant concerning either the defendant or any member of his family. Captain Pierce stated that the defendant was accorded every courtesy possible, and defendant expressed his appreciation therefor in an interview with F. B. I. Agent Allen.

The record seems to be clear that defendant after his arrest intelligently waived his right to be taken before a Commissioner or Judge, and that this occurred when he was first interviewed by the Postal Inspectors following his arrest. The record shows that the defendant was arrested July 29, 1947, at Clovis, New Mexico, voluntarily executed a waiver of removal proceedings, was removed to Montana, and thereafter brought before the above named court on September 10, 1947, where he voluntarily executed a waiver of indictment by a Grand Jury. The defendant was advised by the arresting officers and by the court as to his

right to counsel at every stage of the proceeding, which included his arraignment and plea of guilty to both informations filed against him.

It is apparent from the sworn statements of the officers that the defendant was advised by them that he did not have to make any statement, and that any statement he made might be used against him; that he was entitled to counsel; that no promises or threats were made or coercion exercised in any of the interviews with him by the officers; that he voluntarily waived advice of counsel and any hearing before a Commissioner or Judge, and the fixing of bond; that he waived removal proceedings and expressed a desire to return at once to Montana, where he waived indictment by Grand Jury and expressed his desire to plead guilty to the informations filed by the District Attorney, and it appears that no pressure whatever was exercised by any of the officers, or by any one else so far as the record discloses, to induce him to enter a plea of guilty. From a plain reading of the statements of the officers who had anything to do with defendant's apprehension and detention it would seem that a complete refutation has been made by them of each and every charge against them as contained in defendant's motion to set aside the judgments. It seemed apparent from defendant's attitude and from what he said that he was anxious to return to Montana and dispose of his case by a plea of guilty—and one reason therefor seemed to be that he wanted to save any further embarrassment to his former friends in Lewistown, Montana, where he once resided, and among whom were included some of his numerous victims.

■■ As to the matter of cross examination of the defendant and the arresting officers. The statute provides that the presence of the defendant at the hearing shall not be required. Here was presented a motion in a civil proceeding charging the officers in arresting and detaining the defendant with violations of law; this was a motion that would' require statements under oath—affidavits, depositions, or oral testimony on the part of the officers at a hearing on the motion at which the law says the presence of the defendant shall not be required. These were serious charges made by the defendant against responsible officers of the Government. Without the presence of the defendant at the hearing, of course, he could not be cross examined as to the charges he preferred against the officers, nor would he be able to cross examine the officers. If there exists any serious question as to right of cross examination, the officers so charged would seem to have the greater cause for complaint. The court is of the opinion that the sworn statements of the officers appearing in the record should be received and considered by the court in the same manner as if furnished by affidavit or deposition. There does not seem to be any provision of law that requires the court to appoint counsel in the hearing of a motion in a civil matter of this kind in the absence of the moving party. Under this Section Congress must have contemplated that a motion should be heard promptly, perhaps in a summary manner, on affidavits or otherwise, and in the absence of the defendant; that his charges should be considered at a hearing on the motion to be conducted by the court, after notice to the United States Attorney. Notice was given the defendant of the hearing, but he sent no affidavits or other evidence and rested his case upon his motion and the matters therein set forth, and the brief submitted by his attorney, who has indicated in a letter, written since he received a copy of a brief filed by counsel for the Government, that he has nothing further to present in this proceeding.

■■ On the subject of waiver, it has been held that a waiver takes place when one dispenses with something he has a right to exact; that it is a voluntary and intentional relinquishment or abandonment of a known existing legal right. To one familiar with the operations of the defendant, as disclosed by the above entitled causes and explained by the District Attorney, and likewise by the lengthy statement made by defendant when he entered his plea of guilty, there could be no doubt as to the mental capacity of defendant intelligently to know and understand the meaning and effect of a waiver of his legal rights, and besides he

was fully informed in respect to such rights by the officers with whom he came in contact. Such waiver, as the court understands it, would have to be established in a civil action or proceeding by a preponderance of the evidence, and that seems to have been done in this proceeding.

To the court it appears plainly that the charges contained in the motion that the Constitutional and other legal rights of the defendant have been violated have not been sustained, and that the testimony of the officers who were responsible for the arrest and detention of defendant should be considered in the same manner as if such evidence had been furnished by affidavit or deposition. The court, therefore, finds from a perusal of the testimony and briefs of counsel that the Constitutional and other legal rights of Davis, as a defendant in the foregoing entitled causes, were fully protected by the arresting officers, and likewise by the court on his arraignment and plea in both cases.

The delay occasioned by not bringing the motion more promptly on for hearing, although the court does not believe that it goes to the merits of the cause, is explained by the fact that the Assistant District Attorney, who alone had charge of this matter, and who is in need of further assistance in his office, was so overburdened with work in attending to pressing criminal causes, that it took much more time than was at first anticipated to conduct out of State correspondence and attend to other matters necessary to prepare the Government's case in relation to the motion. It was intended to have this matter heard and decided expeditiously, but it seems that in providing a date for an earlier hearing the court was requiring the Assistant District Attorney to discharge a duty he was unable to perform at the time and properly represent the Government.

The Statute upon which this motion is predicated is new, and it seems highly important that the higher court should have an early opportunity to settle questions of procedure for the guidance of the District Courts in cases of this character which are likely to arise in increasing numbers under this new law. Good cause appearing therefor, the motion as directed to criminal cause Number 7828 is hereby denied, and as to Criminal Cause Number 7829, as above set forth in the title, it is hereby granted, the court having taken notice of the recent decision by the United States Court of Appeals for this Circuit. Wright v. United States, 9 Cir., 172 F.2d. 310. Findings of fact and conclusions of law as provided by the Statute in question, in accordance with the foregoing decision, may be submitted.