George **GALLION**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21479.

United States Court of Appeals
Ninth Circuit.

Nov. 30, 1967.

Dennis O'Brien (argued), San Francisco, Cal., for appellant.

Sidney Lezak, U. S. Atty., Richard C. Helgeson, Asst. U. S. Atty. (argued), Portland, Or., for appellee.

Before HAMLIN, JERTBERG and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge:

George Gallion, appellant herein, was charged in an indictment filed in the United States District Court for the District of Oregon with a violation of 18 U. S.C. § 2314 which provides, *inter alia:*

> "Whoever with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

While represented by counsel appellant waived a trial by jury and was tried before the district court, which found defendant guilty and sentenced him to a term of imprisonment. A timely appeal was filed in this court. The district court had jurisdiction under 18 U.S.C. § 3231 and this court has jurisdiction under 28 U.S.C. § 1291. The following facts were established in the evidence.

While appellant was hitchhiking he was picked up by one Russell Frey, a traveling salesman. Appellant and Frey traveled

together for about one week. They stayed in a motel together in St. Paul, Minnesota. While there, defendant stole two wallets belonging to Frey which contained, among other things, identification cards of Frey, and left. Using these identification cards, appellant rented and abandoned several cars in various places. He also registered at hotels and cashed checks using Frey's identification. In a Chicago hotel the management apparently had some suspicion that he was not Frey and questioned him. The appellant requested that he be permitted to talk to an agent of the FBI. A meeting with an agent of the FBI was arranged and defendant admitted in this conversation that he had stolen Frey's wallets and that he had used his identification in renting automobiles in various places as indicated above. He recalled cashing a check at the Hilton Hotel in Portland, Oregon, which was drawn on the First National Bank of Arlington, Texas, and signing the name Russell Frey. The passing of this check was the basis for the charge in the indictment.

At the trial appellant testified that he had no recollection of having written or cashed the check in question or of ever having been in the Hilton Hotel in Portland. Based on this testimony and certain medical testimony and records, appellant's sole defense was that he was in a fugue state in which he believed himself to be Russell Frey, and that he therefore did not have the specific intent required for a violation of 18 U.S.C. § 2314.

At the trial the court-appointed doctor, Dr. Smith, testified that he had examined appellant and had read certain reports from the Cook County Hospital in Illinois, the Veterans Hospital in Walla Walla, and an institution in Springfield where appellant had been at various times. He testified that appellant had a "dissociative reaction." The doctor stated, "This is a psychotic disorder which involves dissociation or disassociation of moods or feelings from events. An individual who has this, demonstrates a sudden onset or beginning [and] sudden termination of a period which may last some hours up to

months. A period during which they may either lose identity or have a substitute identity." Dr. Smith expressed the opinion that the defendant was in such a state at the time he cashed the check in question.

On this appeal appellant contends that the evidence does not support a finding that the defendant was capable of and did in fact form the specific intent required to commit the offense. He argues that since the only evidence offered on the question of intent was the favorable testimony of Dr. Smith, the judge should not have made a finding of specific intent. We have reviewed the record and find little merit in this argument.

The cross-examination of Dr. Smith and his examination by the district judge tended to weaken his testimony. Moreover, there was other evidence which suggested that the defendant was not in a fugue state at the time he cashed the check: The contents of one of the wallets stolen by appellant contained a picture of the real Mr. Frey. Yet Dr. Smith testified that if defendant looked at this picture he probably would have known that he was not the man in the picture. There was testimony by a handwriting expert that appellant had apparently practiced copying the signature of Frey. Yet Dr. Smith testified that if defendant believed he was Frey there would have been no reason for him to change his signature. Finally, the record indicates that the defendant gave a full account of his activities to the FBI agent, admitting that he was not Russell Frey, but that he had used his name. Yet Dr. Smith testified that one of the characteristics of the fugue state was that when a person "comes to" he has total amnesia for his behavior during the fugue period.

At the conclusion of the trial the experienced district judge wrote an opinion in which he analyzed and set forth the testimony that had been produced at the trial. He pointed out in detail various circumstances indicating that the appellant did not believe that he was Russell Frey at the time of the occurrences in

question. In this opinion the district court concluded with the following:

> "All of these circumstances, and particularly the detailed account of defendant's activities from the time he stole Frey's wallets in Minneapolis until he was visited by an FBI agent at the Conrad Hilton Hotel in Chicago, convince me that he knowingly gave Dr. Rogers Smith false information in order to get Dr. Smith to testify that he was in a fugue state on or about November 14, 1965. I also find that the government has proved beyond a reasonable doubt and to a moral certainty that the defendant at the time he forged the signature of Russell Frey and cashed the check at the Portland Hilton Hotel was not in a fugue state, knew that he was not Russell Frey, and that he, the defendant, had the requisite intent to commit the offense."

 The district judge was not bound by the opinion of the doctor. *Mims v. United States*, 375 F.2d 135, 140 (5th Cir. 1967); *Holm v. United States*, 325 F.2d 44 (9th Cir. 1963). There is no showing that the district judge arbitrarily ignored the expert testimony. His opinion shows that he considered the expert testimony together with all the other facts in the case.

Defendant's contention that there is no specific evidence that Gallion acted with unlawful or fraudulent intent is without merit. It is well established that intent as an element of an offense may be inferred from objective facts and action of the defendant. E. g., Benchwick v. United States, 297 F.2d 330 (9th Cir. 1961).

We think the record shows substantial evidence establishing the guilt of the defendant and that he was properly convicted.[1]

Judgment affirmed.

---

1. Appellant also makes the argument that even if the record supports a finding that he did not believe himself to be Russell Frey the conviction should not stand because at the time of the cashing of the check he was "commonly known" by the name of Russell Frey. For this proposition appellant relies on a dictum in Wright v. United States, 172 F.2d 310 (9th Cir. 1949). His reliance is misplaced. In *Wright*, the court carefully pointed out that the check in question bore the true signature of the appellant therein, and held that the making of such a check on an existing bank did not constitute a falsely made and forged check. The facts in the instant case are entirely different from those in the *Wright* case.