STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. RALPH BARONE & SONS, A NEW JERSEY CORPORATION, JOSEPH R. DeLUCA, MICHAEL LaMORGESE & SON, INC., A NEW JERSEY CORPORATION; MICHAEL LaMORGESE, JR., MILLINGTON NURSERIES, INC., A NEW JERSEY CORPORATION, IRVING BURACK, DEFENDANTS-RESPONDENTS.

STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. RALPH BARONE & SONS, A NEW JERSEY CORPORATION, TION, JOSEPH R. DeLUCA, ALISON CONSTRUCTION COMPANY, A NEW JERSEY CORPORATION, ARNOLD CRISCITIELLO, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 22, 1976—Decided December 8, 1976.

(1)

Before Judges CARTON, KOLE and LARNER.

*Mr. Robert A. Farkas,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Ms. Anne E. Thompson,* Mercer County Prosecutor, attorney; *Mr. Robert A. Farkas,* Assistant Prosecutor, of counsel and on the brief).

*Mr. Robert H. Simandl* argued the cause for defendants-respondents Ralph Barone & Sons and Joseph R. DeLuca (*Messrs. Simandl, Leff* and *Waldor,* attorneys; *Mr. Robert H. Simandl* on the brief, *Mr. Daniel Leff* of counsel).

*Mr. H. Frank Pettit* argued the cause for defendants-respondents Alison Construction Company and Arnold Criscitiello (*Messrs. Pettit, Higgins and Devlin,* attorneys; *Mr. H. Frank Pettit* on the brief).

*Mr. Richard A. Rafanello* argued the cause for defendants-respondents Michael LaMorgese and Son., Inc. and Michael LaMorgese, Jr. Millington Nurseries, Inc. and Irving Burack.

No appearance on behalf of defendants-respondents.

The opinion of the court was delivered by
KOLE, J. A. D. The trial judge struck and dismissed counts IV, VIII and XII of Indictment No. 875–73 and count IV of Indictment No. 876–73. As to both indictments it also struck paragraphs alleging certain criminal acts as part of conspiracies that were charged: Indictment No. 875–73, paragraphs D and E of counts I and IX and C and D of count V; and Indictment No. 876–73, paragraphs D

and E of count I. The judge further refused to dismiss the indictments on constitutional grounds.

The State was granted leave to appeal. Defendants' motions for such leave. were denied.

The stricken substantive charges allege substantially that defendants did "knowingly and unlawfully utter as true a false bid or bids and affidavits of non-collusion * * * to the City of Trenton" pertaining to named public projects involving the improvement of certain areas in the city. It further alleges that they did so with intent to defraud, in violation of *N. J. S. A.* 2A:109–1(b) and 2A:85–14.[1]

██ The trial judge held that *N. J. S. A.* 2A:109–1(b) related to forged documents and not to documents containing false or fraudulent statements. Since there was no question but that the bids and affidavits were genuine and not forgeries, the counts were stricken.

We agree with the judge's determination, and hence affirm as to the striking and dismissal of the substantive counts in each indictment.

*N. J. S. A.* 2A:109–1 provides:

> Any person who, with intent to prejudice, injure, damage or defraud any other person:
> a. Falsely makes, alters, forges or counterfeits any record or other authentic matter of a public nature or character, or any printed or written instrument or indorsement, acceptance, transfer or assignment thereof; or
> b. Utters or publishes as true, any such false, altered, forged or counterfeited matter, knowing the same to be false, altered, forged or counterfeited —
> Is guilty of a high misdemeanor.

The construction thus given to the statute accords with existing law. See *State v. Berko,* 75 *N. J. Super.* 283, 290 (App. Div. 1962) ; *State v. Ruggiero,* 43 *N. J. Super.* 156, 159 (App. Div. 1956), aff'd 25 *N. J.* 292 (1957) ; *United States v. Carabasi,* 292 *F.* 2d 362, 364 (3 Cir. 1961) ; *Great-*

---

[1] *N. J. S. A.* 2A:85–14 is the aiding and abetting statute.

*house v. United States,* 170 *F.* 2d 512 (4 Cir. 1948); *Wright v. United States,* 172 *F.* 2d 310, 311 (9 Cir. 1949).

The fact that the bids and affidavits of noncollusion contain false statements is of no moment. Nor is it of consequence that the indictment charges a violation of *N. J. S. A.* 2A:109–1(b), which makes criminal the uttering as true "any *such* false, altered, forged or counterfeited matter * * * (emphasis supplied). The word "such" refers back to paragraph (a) of the statutory provision, which plainly involves only forged documents.

If it can, the State may obtain an appropriate indictment charging violations of *N. J. S. A.* 2A:131–4 (false swearing) or *N. J. S. A.* 2A:131–3 (using false oaths), or both. We see no problem of jurisdictional dimensions with respect thereto. See *R.* 3:14–1. *State v. DiPaolo,* 34 *N. J.* 279, 287–288 (1961); *State v. Greco,* 29 *N. J.* 94, 103–105 (1959); *State v. Seaman,* 114 *N. J. Super.* 19, 32 (App. Div. 1971), certif. den. 58 *N. J.* 594 (1971), *cert.* den. 404 *U. S.* 1015, 92 *S. Ct.* 674, 30 *L. Ed.* 2d 662 (1972).

 As indicated, the trial judge also struck the portions of the conspiracy charges alleging "crimes" in violation of *N. J. S. A.* 2A:109–1(a) and (b). Rather than taking that action, the judge should have amended those paragraphs to delete any reference to those statutory provisions. Defendants would not be prejudiced by any such amendment. *R.* 3:7–4. See *State v. Bott,* 53 *N. J.* 391 (1969); *State v. Blackman,* 125 *N. J. Super.* 125 (App. Div. 1973).

 Conspiracies such as those alleged in these indictments may recite as an overt act a matter which in itself does not constitute a violation of law or a specific criminal statute, or which may be a criminal offense even though the statute involved, if any, is not mentioned therein.

"It is not essential to criminal liability * * * that the acts comtemplated [by the conspiracy] should constitute a criminal offense for which, without the element of conspiracy, one alone could be indicted. The true role is that all such acts as have the necessary tendency to prejudice the public * * * are sufficiently tainted with

the quality of unlawfulness to satisfy the requirements as to conspiracy." [*State v. Continental Purchasing Co., Inc.*, 119 *N. J. L.* 257, 260 (Sup. Ct. 1938), aff'd o.b. 121 *N. J. L.* 76 (E. & A. 1938).]

See also, *State v. Dixon*, 133 *N. J. L.* 348, 349 (Sup.. Ct. 1945); *State v. Ellenstein*, 121 *N. J. L.* 304, 314 (Sup. Ct. 1938).

In view of our denial of defendants' motions for leave to appeal, we do not pass on the issues of whether *N. J. S. A.* 2A:98–3 is constitutional or whether under the *Wharton* rule the court should have stricken count I of each indictment charging a conspiracy to commit that crime. We note additionally that the Wharton rule argument apparently was never submitted to or ruled on by the court below.

The orders striking and dismissing counts IV, VIII and XII of Indictment No. 875–73 and count IV of Indictment No. 876–73 are affirmed. To the extent they strike and dismiss paragraphs D and E of counts I and IX and paragraphs C and D of count V of Indictment No. 875–73, and paragraphs D and E of count I of Indictment 876–73, the orders are reversed and the trial judge is directed to amend those paragraphs by deleting any reference to *N. J. S. A.* 2A:109–1(a) or (b).

NEW JERSEY BANK (NATIONAL ASSOCIATION), A CORPORATION OF THE UNITED STATES OF AMERICA, PLAINTIFF-RESPONDENT, v. JOSEPH P. PALLADINO, DEFENDANT, AND FIRST STATE BANK OF HUDSON COUNTY, DEFENDANT-APPELLANT.