FILED

**NOT FOR PUBLICATION**

DEC 08 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Litigation, | No. 16-16527 |
| | D.C. No. 2:09-md-02119-JAT |
| NICHOLAS DEBAGGIS; ROSA A. SILVAS; JONATHAN E. ROBINSON; SALLY J. ROBINSON-BURKE; EDEL MOLINA; MARIA HERNANDEZ; MILAN STEJIC; THOMAS W. BILYEA; LAURIE S. BILYEA, | MEMORANDUM* |
| Plaintiffs-Appellants, | |
| v. | |
| U.S. BANK, N.A.; BANK OF NEW YORK MELLON CORP.; WELLS FARGO BANK, N.A., DBA America's Servicing Company; BANK OF AMERICA, N.A., DBA BAC Home Loans Servicing, L.P., DBA La Salle Bank, N.A., trustee of Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR5 Trust; RECONTRUST COMPANY, N.A.; CENTRAL MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SYSTEMS, INC., a subsidiary of
MERSCORP, Inc., a Delaware
corporation; MERSCORP, INC., a
Virginia corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,[**] District Judge.

Plaintiffs-Appellants seek reversal of the district court's decision granting summary judgment to Defendants-Appellees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment ruling. *A.G. v. Paradise Valley Unified  Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016). We affirm.

The district court previously dismissed all claims in Plaintiffs' Consolidated Amended Master Complaint ("CAC"). Plaintiffs appealed, and this court upheld the district court's dismissal on all but one of the claims. *In re Mortg. Elec.*

---

[**]      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

*Registration Sys., Inc.*, 754 F.3d 772 ( 9th Cir. 2014) (hereinafter "*MERS I*").

Specifically, this court remanded Claim I of the CAC only with respect to its allegation that Defendants "robosigned (forged)" documents, violating Arizona Revised Statute § 33-420(A). *Id.* at 783. The same panel of this court subsequently clarified that our "reversal of Count I was limited to petitioners' claims of robosigning and forgery. To the extent petitioners now seek to challenge the MDL Court's dismissal of Count I as to allegations beyond robosigning and forgery, that challenge is waived." Order, *Robinson-Burke v. Bank of Am., N.A.*, No. 16-80001, at \*2 (9th Cir. Mar. 25, 2016) (hereinafter "*MERS II*").

Plaintiffs have attempted to open the door to additional claims on remand by offering definitions of the term "robosigning" that include alleged actions by Defendants other than "forgery." As this court previously used the term, however, "robosigning" referred only to acts related to forgery, not to any acts that might fit any definition of "robosigning." *See MERS II*. We agree with the district court that this court's mandate limited the claims under Arizona Revised Statute § 33-420 to "forgery, including forgery that involves robosigning."

The discussion throughout *MERS I* supports that understanding. We described the relevant claim as being "that these documents were notarized in blank and 'robosigned' with forged signatures." 754 F.3d at 782. We noted that

Plaintiffs sought "damages and declaratory relief against clouding of their title based on these allegedly forged documents." *Id*. In explaining our conclusion that this claim was pled with sufficient particularity, we quoted Arizona Revised Statute § 33-420(A), highlighting the word "forged" by putting it in italics, and proceeded to identify specific allegations in the complaint, all of which related to documents not actually being signed by the person whose signature appeared on the documents. *Id.* at 783. In sum, the only claims that remained after our previous decision were claims of forgery. Plaintiffs' allegations of misconduct other than forgery were previously extinguished.

Plaintiffs have also tried to open the door wider to other claims by using an overly broad definition of "forgery." In particular, they argue that even if the signature on a document was actually applied by the identified signatory, the document could be described as a "forgery" if it contained a false statement or if the person who signed the document did not actually possess the interest purportedly assigned by the document. But that is not "forgery" as the term is commonly understood or as we used the term in our prior decision.

The term "forgery" and the related term "falsely makes," in the context of forgery, have long been held to refer to the execution, not the content, of documents. Black's Law Dictionary, for instance, defines "forgery" as "[t]he act of

4

fraudulently making a false document or altering a real one to be used as if genuine." *Forgery*, <u>Black's Law Dictionary</u> (10th ed. 2014). Our decision in *Wright v. United States* stated a similar understanding:

> A falsely made instrument is one that is fictitious, not genuine, or in some material particular something other than it purports to be and without regard to the truth or falsity of the facts stated therein. By the decisive weight of authority, the genuine making of a writing, which contains false or misleading statements is not false making or forgery.

172 F.2d 310, 311 (9th Cir. 1949) (citations omitted)

Arizona law is similar. The district court used a definition of "forgery" taken from Arizona Revised Statute § 13-2002, which provides that forgery has occurred if a person, with the intent to defraud, "[f]alsely makes, completes or alters a written instrument." Plaintiffs argue that because the definition of "forgery" includes "falsely makes," documents that contain falsehoods are forged. But the term "falsely makes a written instrument" is itself more narrowly defined in Arizona law as:

> to make or draw a complete or incomplete written instrument that purports to be an authentic creation of its ostensible maker but that is not either because the ostensible maker is fictitious, or because, if real, the ostensible maker did not authorize the making or drawing of the written instrument.

Ariz. Rev. Stat. § 13-2001(7). For a document to have been falsely made, it must purport to be an authentic creation when it is not.

5

This court's remand of the case in MERS I was limited to claims involving forged documents, meaning claims alleging false representations about a document itself, not claims alleging falsity in the substance of a document. Plaintiffs acknowledge that they have not presented any evidence to support the proposition that any of the relevant documents were fictitious, not genuine, or signed by persons other than those whose names were listed. In other words, there was no genuine dispute of material fact on the only claim that survived the previous appeal. We affirm the district court's grant of summary judgment against all Plaintiffs, including DeBaggis.[1]

**AFFIRMED.**

---

[1] Because the claims asserted by DeBaggis fail on the merits, even if those claims were properly before the district court, we do not need to resolve the challenge to the district court's conclusion that DeBaggis was not properly added as a plaintiff to the consolidated actions.